## HULL v. CONTINENTAL ILLINOIS NATIONAL BANK & TRUST CO.

### No. 9744.

United States Court of Appeals
Seventh Circuit.

Oct. 11, 1949.

Rehearing Denied Nov. 15, 1949.

Moses Levitan, Theodore J. Levitan, Chicago, Ill., for appellant.

Irvin H. Fathchild, Charles J. Scofield, Jr., J. E. Beach, Chicago, Ill., for appellee.

Before KERNER and DUFFY, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff, a resident of California, appeals from a judgment against her in her suit against the defendant, a national bank, located in Illinois, to recover a deficiency tax of $10,000 assessed against the estate of Emma Hull, deceased, with interest thereon and attorneys' fees and expenses incurred in connection therewith. The issue in the District Court and now upon review is a rather simple one, depending for its solution upon whether defendant, as executor, in settling the inheritance and estate taxes upon the estate of George Firmenich, deceased, was justified, in arriving at the taxable value of said estate, in accepting the determination of the Commissioner of Internal Revenue that of $250,000 paid to Emma Hull, $134,489.06 thereof was inherent-

ly a claim of a creditor against the estate of George Firmenich and, therefore, properly deductible as a debit in determining the value of the testator's property. If the facts and the law justify that action upon the part of the defendant, the judgment must be affirmed; if they do not justify the deduction, it must be reversed. Though the issue is narrow, in order properly to dispose of it, it is necessary to consider, at some length, certain facts.

George Firmenich died testate March 4, 1939, leaving an estate of more than $2,000,000, naming defendant, executor and trustee. After providing for some relatively small legacies, he devised to defendant as trustee, the residue, with directions to pay the entire net income therefrom to his sister, Emma Hull, during her life and, thereafter in perpetuity, to the Chicago Community Trust. The trustee was permitted, by the terms of the will, to make further contributions to the sister, from the corpus of the estate, up to $5000 per year to meet any emergency needs upon her part.

Shortly following the death of the testator the sister presented a contention that her brother had defrauded her in settling their father's estate and that he was not of testamentary capacity at the time he executed his will. She employed counsel, who, in due course, asserted, in a suit in the Circuit Court of Illinois, the two claims, namely, that the entire estate belonged to her because of her brother's alleged fraud and because, also, the testator was without testamentary capacity at the time of execution of the will. While that suit was pending, counsel for the Chicago Community Trust, the bank and Mrs. Hull, at various times, discussed possible compromise of these contentions. Counsel for the bank, who had also been counsel for the testator prior to his death and who had prepared and looked after the execution of the will, expressed his belief that the claim based on lack of testamentary capacity was without merit and counsel for the Trust was apparently of the same opinion. Upon the claim that the testator had defrauded his sister, the evidence seemed to be of more substantial character and counsel for the Trust was more deeply impressed thereby.

After extended negotiation, the interested parties reached a settlement whereby Mrs. Hull was to be paid $250,000 from the principal of the estate, release all claims previously asserted and receive, further, an annuity of $34,000 a year for five years and thereafter, of $24,000 a year. Upon her death, if her husband was still living, he, too, was to receive this annuity during his lifetime. Subject to this annuity and another smaller one, all net income of the estate was to be paid to the Chicago Community Trust in perpetuity. The payments provided by this settlement were to replace and supersede all benefits and interests devised to Mrs. Hull under the will. Pursuant to the agreement, the bank instituted suit in the Circuit Court of Cook County for judicial approval of the settlement and made parties defendant thereto, Emma Hull, her husband and the Chicago Community Trust. Eventually an agreed decree was entered approving the negotiated settlement.

Under the will, defendant, as executor and trustee, was directed to pay all estate and inheritance taxes due from the estate out of the principal thereof and to treat the same as expenses of administration. Under the decree approving the settlement, it was likewise provided that defendant as executor and trustee under the will "pay out of the principal of said estate all estate or inheritance taxes levied or assessed against said estate or the distributive shares of or interests therein or created hereunder." We are not concerned with state inheritance taxes; we are interested only in the federal estate tax. Nor is there question that all the taxes "levied or assessed" by the government against the estate or any distributive share or interest therein have been fully paid; the District Court expressly so found. Our question is solely as to the propriety of the deduction of the $134,489.06 made in determining the value of the George Firmenich estate.

Emma Hull died August 25, 1941. She had received the $250,000 due her under the decree in May, 1940, and she had been paid all annuities due her under the decree up to the time of her death. In settling her estate and the federal tax thereon, her repre-

sentatives claimed that a certain savings bank deposit in the amount of $100,000, in joint tenancy with her husband, was part and parcel of the aforesaid $250,000 and was accordingly, deductible in determining her aggregate net taxable estate because of the provision of the Internal Revenue Code, 26 U.S.C.A. § 812, that if any part of an estate has been transferred to the decedent by gift or inheritance within five years prior to his death, a second tax thereon shall not be assessed. The negotiations of her estate's representatives with the Revenue Department resulted in a stipulated net deficiency assessment of $10,000 which has been paid. Plaintiff, subsequently inheriting Mr. and Mrs. Hull's property, now claims that the deduction of $134,489.06 from the estate of George Firmenich, being part of the $250,000 paid to Mrs. Hull, should not have been made; that the entire sum should have been treated as property inherited by her from her brother, and that the bank, in making the deduction, thereby wrongfully attempted to change the character of the money paid to Emma Hull, resulting in subjection of her estate to the additional deficiency estate tax assessment.

With these facts in mind then, we reach the specific issue in this case, which is whether the bank has violated its duty under the will or the decree by its action in treating the $134,489.06 as a claim against the estate of George Firmenich instead of property inherited from the estate.

There is no dispute that when the estate tax return was made, there had been no determination by anybody or any official as to whether the $250,000 paid to Emma Hull in pursuance of the settlement was, in fact and in law, property inherited from her deceased brother or whether, it was, in part at least, payment of the claim which she had against the estate based on the testator's alleged fraudulent conduct. However, the pertinent facts were submitted to the Revenue Department, resulting in a final determination by that department of the government that, of the $250,000 paid by the defendant as executor and trustee from the estate of George Firmenich to his sister, Emma Hull, $134,489.06 was in fact payment to her in satisfaction of her claim

that her brother had defrauded her. It was in consequence of this determination by the Internal Revenue Department that, in making final payment of the taxes assessed by the government, defendant deducted from the gross value of the estate, the sum of $134,489.06 paid to her as the department had ruled, in settlement of the claim based on fraud. The District Court ruled that the defendant had complied with its duties under the will and the decree of the Circuit Court and that plaintiff had failed to establish her cause of action and entered judgment for defendant.

Plaintiff contends that the provision of the decree that the defendant "as executor and trustee * * * shall pay out of the principal of the estate, all estate or inheritance taxes levied and assessed against said estate or the distributive shares of or interests therein or created hereunder," imposed upon defendant the legal duty not only to pay such taxes on the estate of George Firmenich as were assessed under the Internal Revenue laws of the United States, i. e., taxes upon the aggregate of all items as were without question included in the estate but also to pay a tax upon the $250,000 received by Mrs. Hull by virtue of the decree, as a constituent element of the gross estate of her deceased brother. Had this been done, says plaintiff, the sister, having died within five years of the brother's death, all parts of the said sum remaining in the sister's possession at the time of her death would have been exempt from federal estate taxation.

We have seen that the $250,000 was awarded the sister by the decree of the Circuit Court of Illinois in full settlement of both the claims she had made against the estate of her deceased brother, namely, first, that she was entitled to the whole estate as an heir and, second, that she was entitled to the entire estate upon an accounting for the amount due from her brother because of his alleged fraudulent acts. It was to establish these two claims that she had filed suit, as she was permitted to do under the Illinois statutes, in the Circuit Court of the state. Under the laws of Illinois claims may be prosecuted to judgment in a court of general jurisdiction

and, if they result in judgments, those judgments become debits against the estate to the same extent and with the same effect as if they had been presented and allowed in Probate Court. Howard, Trustee v. Swift et al., 356 Ill. 80, 190 N.E. 102; Hood et al. v. Commonwealth Trust & Savings Bank, 376 Ill. 413, 34 N.E.2d 414. In completing the settlement and carrying it into effect, it was provided in the decree in the Circuit Court that the sum of $250,000 would be paid to her in full satisfaction of all her claims, including her claim as heir and her claim as creditor.

The Circuit Court made no allocation of any part of the allowance to either of the two claims. Defendant, as executor, being charged with the duty of a fiduciary to pay inheritance and estate taxes, made full report of the transaction to the revenue authorities. Obviously such part of the claim as represented an allowance to Emma Hull as creditor was a proper deduction from the gross value of Firmenich's estate. Any part of the amount paid to her in satisfaction of her claim as heir was not deductible as a debt but constituted a part of the taxable estate. Consequently it became the duty of the bank to report the facts and to seek of the Revenue Department a determination of the amount of the federal estate tax. This necessarily involved, upon the part of that department, a determination of how much, if any, of the $250,000 represented Mrs. Hull's claim as creditor and how much of it, if any, represented her claim as an heir. The Revenue Department, after consideration, found that some $134,489.06 out of the $250,000 had been paid to Mrs. Hull in satisfaction of her claim as a creditor and was, therefore, deductible from the value of the estate in computation of the federal estate tax.

With this determination, we think, all parties in the present litigation are bound. It is well settled that the acts of an administrative body, including its orders and directives, are presumably correct. This presumption of legality supports official acts of all public officials and, in the absence of clear evidence to the contrary, the court must assume that they have prop-erly discharged their official duties. United States v. Chemical Foundation, Inc., 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed. 131, citing cases. Pasadena Research Laboratories v. United States, 9 Cir., 169 F.2d 375, at page 381. Plaintiff having offered no evidence whatever to impeach this administrative determination, under the rule announced, we must accept it as valid and conclusive. Consequently it follows that it is the law of this case that $134,489.06 of the amount paid Emma Hull was in fact in settlement of her claim as a creditor and passed to her as creditor and not as heir.

Plaintiff insists that whatever, the true legal character of the claims made by Mrs. Hull, the entire $250,000 should be treated as money received by her as an heir. She cites in support of this, Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410 and U. S. v. Gavin, 9 Cir., 159 F.2d 613. However, in each of those cases the only claim made was that of an heir and, despite the fact that heirship was disputed or denied, that claim was the only basis for relief. Consequently the court held that the compromise allowances involved were not payments to a creditor but payments to an heir.

The obligation of the bank here, as we view it, was not a duty to attempt to have the Revenue Department determine that something was received by Emma Hull as an heir when in fact and in law it was not. Neither the will nor the decree imposed any burden upon defendant to pay the estate and inheritance taxes upon anything other than interests growing out of the estate. A creditor's claim against an estate can not in any sense be said to grow out of the estate but is asserted adversely to it. We find no basis or warrant for reading into the will or the provisions of the decree any duty upon the part of the bank other than to pay the taxes upon such interests as might grow out of or emanate from the estate. The testamentary provision and that contained in the decree obviously exclude any duty to pay a tax upon something asserted adversely to the estate and deducted from the estate and not growing out of it. As the District Court aptly said, there was no requirement in will or decree that the trustee so act in

the estate of George Firmenich that there might not be a tax later in the estate of Emma Hull when she died. There is no provision in either will or decree implying any such intent.

Our examination of the record is convincing that ample evidence supports the findings of the District Court and justify its conclusions of law.

The judgment is affirmed.