434 P.2d 627

Shirley June BURRI, by her next friend Delane C. Carpenter, and Ethlyn G. Burri, Petitioners,

v.

David H. CAMPBELL, Superintendent, Motor Vehicle Division, and D. J. Hastings, Director of Financial Responsibility Section, Motor Vehicle Division, Respondents.

No. 8980.

Supreme Court of Arizona.

In Banc.

Dec. 7, 1967.

Rehearing Denied Jan. 19, 1968.

Anthony B. Ching, Staff Atty., Legal Aid Society of Pima County Bar Assn., Tucson, for petitioners.

Darrell F. Smith, Atty. Gen., and George Ridge, Jr., Asst. Atty. Gen., Phoenix, for respondents.

UDALL, Justice:

Petitioners made application to this Court for an original writ of mandamus and injunction directed against the respondents, the Superintendent of the State Motor Vehicle Division and the Director of the Financial Responsibility Section. Oral arguments on the matter were held and, after due consideration, this Court granted the alternative writ of mandamus. It was further ordered that both parties would have time in which to file additional memoranda with the Court.

Petitioner Shirley June Burri is the holder of an Arizona driver's license and peti-

542

tioner Ethlyn G. Burri, her mother, is the owner of an automobile registered and licensed in Arizona. On February 1, 1967, Shirley June Burri was driving her mother's automobile in Tucson, at which time she was involved in an accident with another automobile. Both vehicles were damaged as a result of the collision. It later developed that neither the daughter nor her mother had liability insurance.

Respondents gave notice to Shirley June Burri that her driver's license would be suspended, and to Ethlyn G. Burri that the registration certificate and the license plates of the automobile would be suspended unless a financial responsibility bond of $172 was posted, together with proof of future insurance. The notice also stated that a bond would not have to be posted if evidence of release or other compromise can be secured and filed with the respondents. Petitioners then engaged the services of an attorney who wrote to respondents requesting an administrative hearing for the petitioners, with the further request that the hearing be held in Tucson, Arizona, the residence of the petitioners.

On April 4, 1967, a hearing date was set for April 14, 1967 at 2 p. m. in the office of the Superintendent, Motor Vehicle Division, Financial Responsibility Section in Phoenix, Arizona. The respondents were served the petition and order to show cause on April 7, 1967. Since we granted the alternative writ of mandamus on May 9, 1967, the State has maintained "status quo ante," and the petitioners have continued their driving and operating rights.

It is petitioners' contention that it is arbitrary, unreasonable and capricious, and thus violative of due process of law for respondents to require the holding of administrative hearings under A.R.S. § 28–1122, subsec. A only in Phoenix, Arizona. The statute reads:

"A. The superintendent shall administer and enforce the provisions of this chapter and may make rules and regulations necessary for its administration and shall provide for hearings upon request of persons aggrieved by orders or acts of the superintendent under the provisions of article 3 of this chapter."

Pursuant to this authority, the Superintendent issued General Order No. 68, last amended in 1964. Included in the rules and regulations governing hearings were the following provisions:

"2. All hearings requested shall be held in the office of the Superintendent, Motor Vehicle Division, Financial Responsibility Section, Phoenix, Arizona.

"3. Persons requesting hearings after the 5th day of issue of the NOTICE shall be granted 5 days in which to have the hearing. This period may or may not extend beyond the effective date of suspension.

"4. When the date and time for hearings have been established there shall be no appeal for a new hearing date."

To support their contention that it is arbitrary, unreasonable and capricious to require that all hearings be held in Phoenix, petitioners argue that in their case it would be more convenient and less costly if the hearing were held in Tucson. They cite as authority in support of their position the case of National Labor Relations Board v. Prettyman, 117 F.2d 786 (6th Cir. 1941). There a hearing scheduled for Ann Arbor, Michigan was removed to Washington, D. C., in response to a proper petition. The Court of Appeals held that the National Labor Relations Board did not have unlimited discretion in fixing the place of hearing and struck down the action as unreasonable and arbitrary. Petitioners also cite the case of Jeffries v. Olesen, 121 F.Supp. 463 (S.D.Cal.1954). There the court held that the postoffice department denied due process to the petitioners by holding a hearing in Washington instead of Los Angeles, the home of petitioners. Neither of these cases persuade us that the petitioners' constitutional rights have been denied them in this case.

■ It is a settled principle of law that official acts of public officers are presumed to be correct and legal, in the absence of clear and convincing evidence to the contrary. United States ex rel. Harris v. Ragen, 177 F.2d 303 (7 Cir. 1949); Hull v. Continental Illinois National Bank & Trust Co., 177 F.2d 217 (7 Cir. 1949). See also, Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136 (1963). The weight of authority would seem to be that wide discretion is given administrative officials in determining matters such as the place for conducting hearings within a state. See National Labor Relations Board v. Southwestern Greyhound Lines, 126 F.2d 883 (8th Cir. 1942); Southern Garment Mfrs. Ass'n v. Fleming, 74 App.D.C. 228, 122 F.2d 622 (1941); Brotherhood of Railroad Train. v. Chicago, M., St. P. & P. R. Co., 237 F.Supp. 404 (D.C.D.C. 1964); Gottlieb v. Schaffer, 141 F.Supp. 7 (S.D.N.Y.1956); Jeffries v. Olesen, supra. We are of the opinion that the setting of the date and place for hearings by the Superintendent was a proper exercise of his administrative discretion.

■ The adequacy of the hearing must be determined by the purpose for which it is given and be judged by that standard. Norwegian Nitrogen Prod. Co. v. United States, 288 U.S. 294, 53 S.Ct. 350, 77 L.Ed. 796 (1933). The legislature did not intend that a financial responsibility hearing be a full-scale adversary proceeding where witnesses could be subpoenaed, examined and cross-examined. The statute gives the superintendent no compulsory process to secure the attendance of witnesses, nor does the party requesting the hearing have a right to examine the accident report filed by the opposing party since this is confidential under A.R.S. § 28–673. This view is supported by Campbell v. Chatwin, 102 Ariz. 251, 428 P.2d 108 (1967), and by Schecter v. Killingsworth, supra, in which last-named case it is stated:

"The statute's requirement of security is based, not upon the establishment of negligence, but upon the standard that,

in the opinion of the administrative official, a judgment *may* be recovered against the motorist. Thus, the superintendent need not decide on the basis of conflicting evidence whether a motorist was in fact, culpable, but must determine if there is any reasonable possibility that a judgment will be recovered against him and the amount thereof. Whether there is such a reasonable possibility is a finding that must be made by the superintendent only after an administrative hearing, if requested. Furthermore, this finding is subject to judicial review under A.R.S. § 28–1122, subd. B.

"The failure of the statute to provide for a full-scale hearing on the issue of culpability does not violate the due process and equal protection clauses of either the State or Federal Constitutions. * * *" (Italics theirs)

Depositions and affidavits are often used in administrative hearings. See State of Missouri ex rel. Hurwitz v. North, 271 U.S. 40, 46 S.Ct. 384, 70 L.Ed. 818 (1926). The hearing in this case could well have been conducted by affidavits and oral argument, a method which was offered petitioners but refused. Viewed in this light, the superintendent's requirement that petitioners travel to Phoenix for the hearing is less onerous. We cannot say that it is unreasonable or inadequate.

It is not difficult to conceive of a situation whereby it could be a violation of procedural due process to require that a financial responsibility hearing be held in Phoenix. We are not convinced, however, that that situation is now before us. It is clear that petitioners have failed to show that the superintendent acted without his power or that he acted unreasonably, capriciously or arbitrarily in setting the hearing in Phoenix, Arizona. The fact that the legislature chose to leave the setting of the time and place of the hearing to the discretion of the superintendent precludes us from considering anything but the instant case. Under the present state of facts, if a comprehensive scheme is to be set up

to provide for hearings in other locations, the responsibility to do so rests with the legislature and not with this Court.

 We reject petitioners' contention that there exists a basic right to receive notice of the mere right to an administrative hearing. There exists only the right to receive notice of the time and place of the hearing once it has been requested. Bennett v. Arizona State Board of Public Welfare, 95 Ariz. 170, 388 P.2d 166 (1963). Since petitioners have invoked the provisions of the statute seeking a hearing, they cannot now question its constitutionality. See Climate Control, Inc. v. Hill, 87 Ariz. 201, 349 P.2d 771 (1960).

The alternative writ granted on the 9th day of May, 1967 is quashed and the respondents may proceed with the hearing before the Director of the Financial Responsibility Section of the Motor Vehicle Division of the State of Arizona.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.