469 P.2d 85

**STATE LAND DEPARTMENT, Appellant,**

v.

**TUCSON ROCK AND SAND COMPANY,
Appellee.**

**No. 2 CA–CIV 766.**

Court of Appeals of Arizona,
Division 2.

May 11, 1970.

As Amended on Denial of Rehearing
June 25, 1970.
Review Granted Sept. 22, 1970.

Gary K. Nelson, Atty. Gen., by Dale R. Shumway, Special Asst. Atty. Gen., Phoenix, for appellant.

Bilby, Thompson, Shoenhair & Warnock, P.C., by Marvin S. Cohen, Tucson, for appellee.

HATHAWAY, Judge.

On May 29, 1952, the Tucson Rock and Sand Company, appellee, received a State of Arizona mineral lease, M–109. This lease, in addition to other provisions, pro-

vided that the appellee was to pay to the state a royalty of five cents per cubic yard of sand, rock or gravel appellee removed from the land. The State Land Department, appellant, unilaterally determined that after January 10, 1967 the fair appraised value for royalty purposes as 9.5 cents per ton, and on July 16, 1967 refused to accept the appellee's payment of royalties based on the rate of five cents per cubic yard. On August 6, 1968, the State Land Commissioner held a hearing and found that a royalty computed on the basis of 9.5 cents had not been received, and consequently ordered the cancellation of lease M–109.

From the cancellation of this lease the appellee appealed the matter upon stipulated facts to the superior court. That court made findings of fact and conclusions of law, cancelled the order setting aside lease M–109 and prohibited the State Land Department from requiring a royalty in excess of five cents per cubic yard. From that judgment the State Land Department has appealed to this court.

On June 20, 1910 an Enabling Act for the admission of New Mexico and Arizona into the Union was approved. The part of the Enabling Act which refers to Arizona commences with Section 19 and continues through Section 35, and is found on pages 79–98 of Volume 1, A.R.S.1956. In Murphy v. State, 65 Ariz. 338, 181 P.2d 336 (1947) it was said:

"This Enabling Act was accepted by the people of Arizona (par. 12, art. 20, Const.), and it, therefore, became and is the fundamental and paramount law. It cannot be altered, changed, amended, or disregarded without an act of Congress. Par. 13, art. 20, Const. The Arizona Constitution cannot be inconsistent with the Enabling Act." 65 Ariz. at 345, 181 P.2d at 340.

The pertinent section of the Enabling Act, in regard to this appeal, is Section 28. That section states in part:

"That it is hereby declared that all lands hereby granted, including those which, having been heretofore granted to said Territory, are hereby expressly transferred and confirmed to the said State, shall be by the said State held in trust, to be disposed of in whole or in part only in the manner as herein provided * * *.

\* \* \* \* \* \*

Said lands shall not be sold or leased, in whole or in part, except to the highest and best bidder at a public auction to be held at the county seat of the county wherein the lands to be affected, or the major portion thereof, shall lie, notice of which public auction shall first have been duly given by advertisement, * *. Nothing herein contained shall prevent: (1) * * *; (2) the leasing of any of said lands, in such manner as the Legislature of the State of Arizona may prescribe, * * * for mineral purposes, * * *, for a term of twenty years or less; * * *.

*All lands, leaseholds, timber and other products of land, before being offered, shall be appraised at their true value, and no sale or other disposal thereof shall be made for a consideration less than the value so ascertained, * * *.*

Every sale, lease, conveyance, or contract of or concerning any of the lands hereby granted or confirmed, * * *, not made in substantial conformity with the provisions of this Act shall be null and void, any provisions of the constitution or laws of the said State to the contrary notwithstanding." [Emphasis added]

Article 10 of the Arizona Constitution is practically identical with the Enabling Act, and the minor differences between the two are not important to the disposition of this appeal.

A.R.S. § 27–234, subsec. C (since amended) states:

"In case of sand, rock and gravel to be used in the construction of roads, buildings or other structures, *the royalty shall be the amount as determined by the commissioner under reasonable rules and regulations promulgated by him, but not*

*more than five cents per cubic yard."* [Emphasis added]

We are thus faced with the constitutionality of A.R.S. § 27–234, subsec. C in that by setting a royalty in an amount not exceeding five cents per cubic yard it conflicts with provisions of the Enabling Act and the Arizona Constitution requiring the consideration to be paid to be based on the full appraised value.

In Lassen v. Arizona ex rel. Arizona Highway Department, 385 U.S. 458, 87 S.Ct. 584, 17 L.Ed.2d 515 (1967), it was urged to the U. S. Supreme Court that the Arizona Highway Department need not pay for the land it uses since it is to be presumed that highways enhance the value of the remaining trust lands in amounts at least equal to the value of the land taken; or, alternatively, if the appraised value of the land need be paid that amount be reduced by the amount of enhancement shown in the value of the remaining trust lands. The U. S. Supreme Court rejected both contentions, saying:

> "The Enabling Act unequivocally demands both that the trust receive the full value of any lands transferred from it and that any funds received be employed only for the purposes for which the land was given. First, it requires that before trust lands or other products are offered for sale they must be 'appraised at their true value,' and that 'no sale or other disposal * * * shall be made for a consideration less than the value so ascertained * * *.' " 87 S.Ct. at 588, 589.

The court further said in a specific holding:

> "We hold therefore that Arizona must actually compensate the trust in money for the full appraised value of any material sites or rights of way which it obtains on or over trust lands." 87 S.Ct. at 590.

■ The intention of Congress in enacting the Enabling Act, as interpreted by the U. S. Supreme Court in *Lassen,* is that any royalties or remuneration to be paid for these trust lands and products from said lands should be based upon the full appraised value of the land or product. The appellee contends that the proviso "Nothing herein contained shall prevent: (1) * * *; (2) the leasing of any of said lands, * * *, for mineral purposes * * *" operates to exempt those holding lands for mineral purposes from paying the full appraised value. However that proviso pertains only to the manner and the term of the lease.

> "Appraisal is required before sale or lease, and sales or other disposition for a price less than the value so fixed or the minimum prices mentioned in the bill are forbidden, * * *." Report of Senator Beveridge, Chairman of the Committee on Territories (Senate Com. on Territories, Rep. 454, 61st Cong., 2nd Sess.) In Murphy v. State, supra, the court considered various decisions and experiences the State of New Mexico has had in the interpretation of the Enabling Act. The court stated:

> "We may summarize these decisions by saying that together they establish that *every act of the legislature that in any manner circumvents the plain provisions of the Enabling Act is struck down as unconstitutional and void, * * *."* [Emphasis in original] 65 Ariz. at 353, 181 P.2d at 346.

■ We conclude that A.R.S. § 27–234, subsec. C in setting a maximum limit on the amount the Commissioner may determine as royalty, is inconsistent with both the spirit and purpose of the Enabling Act.

■■ Thus the Commissioner was not bound by the five cent per cubic yard limitation of A.R.S. § 27–234, subsec. C, and his action in determining that the true appraised value was 9.5 cents per ton is presumed valid. Burri v. Campbell, 102 Ariz. 541, 434 P.2d 627 (1967); City of Tucson v. Melnykovich, 10 Ariz.App. 145, 457 P.2d 307 (1969). There has been no evidence offered by the appellee which would tend

to rebut this presumption. We must conclude that on this record the State Land Commissioner was correct in determining the fair appraised value at 9.5 cents per ton.

Reversed and directing judgment in favor of the appellant.

HOWARD, C. J., and LLOYD C. HELM, Judge of the Superior Court, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge LLOYD C. HELM was called to sit in his stead and participate in the determination of this decision.