TRACY CORPORATION II, A NEBRASKA CORPORATION, AND MICHAEL J. TRACY, APPELLANTS, V. NEBRASKA PUBLIC SERVICE COMMISSION ET AL., APPELLEES.

360 N.W.2d 485

Filed December 28, 1984.   No. 84-491.

John W. Herdzina of Abrahams, Kaslow & Cassman, for appellants.

Paul L. Douglas, Attorney General, and John Boehm, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal from the decision of the district court for Lancaster County which dismissed the petition of appellants. In their petition the appellants prayed the court to find void certain actions of the Nebraska Public Service Commission for failure to comply with the provisions of the Nebraska public meetings law. Neb. Rev. Stat. §§ 84-1408 et seq. (Reissue 1981 & Cum. Supp. 1984). A further explanation is necessary in order to understand the rather unusual jurisdictional problems raised by the appeal.

Sometime in the period from August 23 to September 6, 1983, the United Telephone Company of the West submitted a revised schedule of rates in an action pending before the commission. On September 6, 1983, a hearing was held and the revised rate schedule was approved by the commission. Unfortunately, the commission's mechanisms for providing notice to interested parties dismally failed, and the action of the commission, as conceded by the commission at a later time, was void.

On September 9, 1983, a motion for rehearing was filed by Tracy. This motion was overruled by the commission on October 25, 1983. Notice of appeal was filed on November 17, 1983. *Tracy Corp. II v. Nebraska Pub. Serv. Comm.*, No. 83-906.

On November 22, 1983, the instant petition was filed in the district court requesting that the commission's action be declared void. A request for an attorney fee was also made. Section 84-1414 provides in part:

> (3) Any citizen of this state may commence a suit in the district court of the county in which the public body ordinarily meets or in which the plaintiff resides for the purpose of requiring compliance with or preventing violations of sections 79-327, 84-1408 to 84-1414, and 85-104, for the purpose of declaring an action of a public

body void, or for the purpose of determining the applicability of sections 79-327, 84-1408 to 84-1414, and 85-104 to discussions or decisions of the public body. The court may order payment of reasonable attorney fees and court costs to a successful plaintiff in a suit brought under this section.

Meanwhile, pursuant to the rules of this court, the appeal from the action of the commission was assigned to a prehearing conference officer. In their prehearing statement filed November 18, 1983, appellants stated as issue No. 4: "Whether the Commission violated the provisions of the Nebraska Public Meeting law and as a result thereof whether the Opinion and Findings and Order of the Commission dated September 6, 1983, is void . . . ." .

After the prehearing conference a stipulation was entered into by the parties which agreed, subject to the approval of this court, that the order of the commission be set aside and the issue of the propriety of the proposed rate schedules be remanded to the commission for reconsideration after proper notice to all interested parties.

This court subsequently approved the stipulation by appropriate order. At issue here is paragraph 4 of the stipulation, which states:

4. A lawsuit is presently pending in the District Court of Lancaster County, Nebraska, at Docket No. 377 and page 12, captioned as follows: Tracy Corporation II, a Nebraska Corporation, and Michael J. Tracy, Plaintiff, v. Public Service Commission, Bob Brayton, Duane Gay, James F. Munnelly, Eric Rasmussen, Harold D. Simpson, Defendants. Section 84-1414 R.R.S. Nebraska, 1943, as amended states in part as follows: "The Court may order payment of reasonable attorney fees and court costs to a successful plaintiff in a suit brought under this section."

The District Court of Lancaster County, Nebraska will determine the payment, if any, of a reasonable attorney fee to be awarded Tracy Corporation II and Michael J. Tracy.

Subsequently, the application for attorney fees was presented to the district court for Lancaster County. The trial court, in

rejecting the application, held:

4. This Court finds that it has no jurisdiction to allow fees in the instant case. Section 84-1414 R.R.S. 1943 provides that when a petitioner is successful in the <u>DISTRICT COURT</u> that the Court <u>MAY</u> allow attorney's fees. In the instant case filed in this court, there has been no decision in the case and the case is moot because the Supreme Court on direct appeal from the Public Service Commission determined the primary issue involved.

5. It is questionable as to whether this Court ever had jurisdiction in this case because the appeal to the Supreme Court with the identical issue was filed prior to the petition being filed in this Court. The Supreme Court having first acquired jurisdiction of the subject of the action retains such jurisdiction to the exclusion of any other Court in which the identical issue is raised.

We agree with the trial court. In *Tracy v. United Telephone Co., ante* p. 331, 353 N.W.2d 273 (1984), we held that after an appeal has been perfected in this court, the trial court or any other lower tribunal is without jurisdiction to hear a case involving the same matter between the same parties. The issue as to the violation of the public meetings law was before us at the time the instant petition was filed in the district court. The district court lacked power to act on the case at all times. It is elementary that the relief granted was in this court and that the issue in the district court was then moot as to the violation of the public meetings law. This court having previously approved the parties' stipulation that the public meetings law was violated, the district court had nothing left to decide.

So far as appellants' argument that this court, in approving the stipulation of the parties, directed the district court to consider payment of an attorney fee, it is rejected. This court merely approved the parties' stipulation. It did not forbid the district court to consider whether it had jurisdiction or whether the action was moot. The determination of the district court, being correct, is affirmed.

AFFIRMED.