IN RE APPLICATION OF UNITED TELEPHONE COMPANY OF THE WEST.
UNITED TELEPHONE COMPANY OF THE WEST, APPELLEE, V. CITY OF KIMBALL, APPELLANT, ALVA PIETSCH, APPELLEE.
433 N.W.2d 502

Filed December 30, 1988. No. 87-307.

Darrel J. Huenergardt, of O'Brien, Huenergardt & Cook, for appellant.

John F. Wright, of Wright & Sorensen, for appellee United Telephone.

BOSLAUGH, WHITE, CAPORALE, and SHANAHAN, JJ., and JAMES MURPHY, D.J.

PER CURIAM.

The City of Kimball, Nebraska, has appealed from the March 17, 1987, order of the Nebraska Public Service Commission (PSC) approving the schedule of rates and charges filed by the applicant, United Telephone Company of the West.

On December 27, 1982, United Telephone Company filed an application with the PSC, requesting an increase in rates to produce additional revenues of $2,227,330. On August 23, 1983, following a public hearing on July 19 and 20, 1983, in Gering, Nebraska, the PSC approved the application in part and ordered the applicant to file a schedule of proposed rate increases to raise an additional $650,149, but not the requested amount of $2,227,330. Prior to September 6, 1983, the applicant prepared and filed a new rate schedule, which was approved by the PSC on September 6, but without notice or a public hearing. The rates were put into effect by the applicant on the following day, September 7.

Michael J. Tracy, Tracy Corporation II, and the City of Kimball then filed motions for rehearing and reconsideration of the order of September 6, which were overruled by the commission on October 25, 1983. On October 17, 1983, the applicant filed a supersedeas bond with the PSC, which was approved on October 18.

Michael Tracy filed suit against the applicant in the Scotts Bluff County District Court on October 17, 1983. Before resolution of the case in the district court, Tracys appealed to this court from the order of the commission. In the district court, Michael Tracy alleged that the applicant had not immediately filed a supersedeas bond and that a refund was due Tracy from the time the new rates went into effect until the approval of the supersedeas bond, September 7 to October 18, 1983.

The district court, after a hearing on Tracy's petition, found that it had no jurisdiction. Tracy then appealed to this court. The judgment was affirmed in *Tracy v. United Telephone Co.*, 218 Neb. 331, 353 N.W.2d 273 (1984). See, also, *Tracy Corp. II*

*v. Nebraska Pub. Serv. Comm.*, 218 Neb. 900, 360 N.W.2d 485 (1984).

On February 15, 1984, Tracy, Tracy Corporation II, the city, the applicant, and the PSC entered into a stipulation in this court, agreeing:

> 1. The . . . order of . . . September 6, 1983, is void under the Public Meetings Law, Sec. 84-1409, et seq., and should be set aside. . . .
>
> 2. The matters involving the schedule of rates and charges by [the applicant], approved by the Commission in its Order of September 6, 1983, may be remanded to the Nebraska Public Service Commission for reconsideration . . . along with any other matters properly before the Commission.
>
> 3. The Nebraska Public Service Commission upon reconsideration of the schedule of rates and charges may make all necessary orders . . . .
>
> . . . .

This court, on February 23, 1984, approved the stipulation and remanded the cause to the commission for reconsideration of the rates, as well as consideration of all other matters properly before the commission, *"at a public hearing with Notice to all interested parties* as provided by law." (Emphasis supplied.)

The commission disregarded the order of this court, held there was no requirement "either in law or our rules that would require further public hearings in this matter," held another hearing on January 29, 1985, and approved the applicant's schedule of rates and charges on March 19, 1985. Upon appeal, we held that our order remanding the cause to the commission for reconsideration at a "public hearing" was the law of the case. The cause was again remanded to the commission for further proceedings. *City of Kimball v. United Telephone Co.*, 223 Neb. 549, 391 N.W.2d 135 (1986).

On September 19, 1986, the commission issued a "Notice of Public Hearing" that the schedule of rates and charges would be reconsidered at a public hearing in Lincoln, Nebraska, on October 31. Copies of this notice were published in newspapers throughout the applicant's service area.

On March 17, 1987, following the public hearing on October

31, 1986, the commission again approved the schedule of rates and charges filed by the applicant. It is from that order the city has appealed. Only the city appears as appellant in this present appeal.

The city has assigned as error the holding of the public hearing in Lincoln, Nebraska, and the finding that there were no refunds due customers of the applicant.

With respect to the matter of the location of the October 31, 1986, hearing, the city relies upon *Brotherhood of Railroad Train. v. Chicago, M., St. P. & P. R. Co.*, 237 F. Supp. 404 (D.C. Cir. 1964), in which the court stated at 422-23:

It is well settled that adjudicatory bodies possess a broad discretion in fixing the place for hearings. This discretion, of course, is not unlimited, and in a proper case may be overruled. The matter remains, however, one of discretion unless and until the proceeding is robbed of an element essential to its fairness.

Neb. Rev. Stat. § 75-129 (Reissue 1986) provides:

The commission may hold sessions at any place in the state when deemed necessary to facilitate the discharge of its duties, and may conduct the hearing and other proceedings provided for in sections 75-101 to 75-801, or under any other law of this state, at such place or places in the state as may, in the judgment of the commission, be the most convenient and practicable for determining the particular matter before the commission.

Section 75-129 vests broad authority and discretion in the commission to determine where its hearings should be held.

In *Haven Home, Inc. v. Department of Pub. Welfare*, 216 Neb. 731, 736, 346 N.W.2d 225, 229 (1984), we said: "A presumption of validity attaches to the actions of administrative agencies. While the presumption is rebuttable, the burden of proof rests with the party challenging the agency's action."

In a similar matter, the Arizona Supreme Court, in *Burri v. Campbell*, 102 Ariz. 541, 434 P.2d 627 (1967), considered whether it was a violation of due process for all administrative hearings of the Motor Vehicle Division to be held in Phoenix. The petitioners had requested their hearing be held in Tucson

despite the following statute and regulation of the division: " 'The superintendent shall administer and enforce the provisions of this chapter and may make rules and regulations necessary for its administration . . .' " and " 'All hearings requested shall be held in the office of the Superintendent, Motor Vehicle Division, Financial Responsibility Section, Phoenix, Arizona. . . .' " *Id.* at 542, 434 P.2d at 628. In denying the petitioners' request, the court held:

> It is a settled principle of law that official acts of public officers are presumed to be correct and legal, in the absence of clear and convincing evidence to the contrary. [Citations omitted.] The weight of authority would seem to be that wide discretion is given administrative officials in determining matters such as the place for conducting hearings within a state. [Citations omitted.] We are of the opinion that the setting of the date and place for hearings by the Superintendent was a proper exercise of his administrative discretion.
>
> . . . .
>
> It is not difficult to conceive of a situation whereby it could be a violation of procedural due process to require that a financial responsibility hearing be held in Phoenix. We are not convinced, however, that that situation is now before us. It is clear that petitioners have failed to show that the superintendent acted without his power or that he acted unreasonably, capriciously or arbitrarily in setting the hearing in Phoenix, Arizona. The fact that the legislature chose to leave the setting of the time and place of the hearing to the discretion of the superintendent precludes us from considering anything but the instant case. Under the present state of facts, if a comprehensive scheme is to be set up to provide for hearings in other locations, the responsibility to do so rests with the legislature and not with this Court.

*Id.* at 543-44, 434 P.2d at 629-30.

In *National Labor R. Bd. v. Southwestern Greyhound Lines,* 126 F.2d 883 (8th Cir. 1942), the NLRB transferred proceedings from Fort Worth, Texas, the respondent's home office, to Kansas City, Missouri, headquarters for the NLRB's 17th

region. The respondent claimed this transfer by the NLRB was arbitrary and oppressive. The court upheld the hearing situs of Kansas City and stated:

> Respondent does not allege that it was unable to produce all of its desired witnesses or records at the Kansas City hearing, and so was denied the opportunity for a full, fair hearing. Nor does it show that it was unduly burdensome to it, financially or otherwise, to attend the hearing and have its evidence available at Kansas City. The most that the record can be said to establish is some lack of convenience and some increase of expense—neither of which can be said to have been oppressive. The Board in fixing a place for a hearing, should, of course, give due consideration to the situation of the respondent, but it is also entitled to exercise its sound discretion in the interest and convenience of all the parties involved or affected by the proceeding. We do not believe that in the present situation the Board has abused its discretion or has in any material way prejudiced or placed any unwarranted burden upon respondent.

*Id.* at 887-88.

While there might be instances in which the commission's choice of a hearing site is violative of fundamental fairness, the record in this case does not compel such a finding. The commission acted within its discretion in determining that the hearing should be held in Lincoln, Nebraska.

The matter has been pending since 1982. All that remained to be done was to approve the schedule of rates and charges which have been in effect since 1983. Despite the extensive notice of the October 31, 1986, hearing, only one party other than the city was sufficiently interested to file a protest. We find there was no abuse of discretion in holding the public hearing in Lincoln, Nebraska.

The order of March 17, 1987, also found that there could be no refund due in the absence of a finding that the applicant's schedule of rates and charges did not comply with the August 23, 1983, order of the commission. Since the commission had approved the applicant's schedule of rates and charges, the issue regarding possible refunds was moot.

There being no error, the order of the commission is affirmed.

AFFIRMED.