WBE COMPANY, INC., A NEBRASKA CORPORATION, AND KURT WIEKHORST, APPELLANTS, v. PAPIO–MISSOURI RIVER NATURAL RESOURCES DISTRICT, APPELLEE.

529 N.W.2d 21

Filed March 10, 1995.   No. S-93-294.

Dan D. Stoller for appellant WBE Co.

Paul F. Peters and Christopher D. Curzon, of Schmid, Mooney & Frederick, P.C., for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WRIGHT, J.

WBE Company, Inc., and Kurt Wiekhorst (collectively referred to as WBE) brought this action in the district court for Sarpy County, seeking an order enjoining the Papio–Missouri River Natural Resources District (District) from awarding a construction contract to the second–lowest bidder. WBE had submitted the lowest bid. The district court voided the contract between the District and the second–lowest bidder, ordered the District to hold a hearing on the award of the contract before its entire board of directors, and ordered that a vote of the board be taken regarding the award of the contract. The District held a hearing, and the board of directors voted to award the contract to the second–lowest bidder. WBE then filed a motion for contempt and a motion for attorney fees. The district court denied the motion for contempt and awarded WBE $200 in attorney fees. WBE appeals from the district court's decisions regarding the motion for contempt and the motion for attorney fees.

## FACTS

In December 1992, the District advertised for bids on a contract for the relocation of sewer siphons under the Big Papio channel at 84th and F Streets and at 93d and Center Streets in Omaha, Nebraska. WBE was the lowest bidder on the project. At a January 14, 1993, meeting, the four members of the District's executive subcommittee were directed to review the bids and to award the contract. On January 28, the executive subcommittee voted 3 to 1 to award the contract to the second–lowest bidder.

On February 3, 1993, WBE filed a petition in the district court for Sarpy County alleging that the District improperly delegated to its executive subcommittee the power to review bids and to award the contract, in violation of Neb. Rev. Stat. § 2–3219 (Reissue 1991). Under § 2–3219, a majority of the voting members of the District's board of directors constitutes a quorum, and the concurrence of a majority of the quorum is sufficient to take action and to make determinations. The

District's board of directors has 15 members. WBE also alleged that the executive subcommittee violated Nebraska's public meetings laws, Neb. Rev. Stat. § 84-1408 et seq. (Reissue 1994), when two of the subcommittee members turned their backs to the public during the January 28 meeting and held a private discussion.

WBE argued to the district court that the District's failure to award the contract to WBE was a violation of state law in that the District failed to award the contract to WBE, as the lowest responsible bidder, without specific legitimate grounds to determine that WBE was not a responsible bidder. On February 11, 1993, the District's board of directors ratified the actions of the executive subcommittee in awarding the contract to the second-lowest bidder. Subsequently, WBE filed an amended petition.

The district court issued an order on February 19, 1993, in which the court found that WBE's bid of $175,000 was the lowest bid and that the second-lowest bid was $175,134.60 by L.G. Roloff Construction Company, Inc. The court determined that the District was subject to the spirit and intent of § 84-1408 et seq. and that the public had a right to know the District's reason for accepting the second-lowest bid. The court stated that the District was not required by law to accept the lowest bid, but that competitive bidding is required to save the public moneys and to avoid cronyism. The court noted that the process could still be protected by requiring the District's entire board of directors to discuss the bids. The court declared void the contract between the District and the second-lowest bidder, and the District was ordered to conduct a hearing before its entire board of directors before awarding the contract.

On February 26, 1993, the District filed a motion for new trial, which was denied on March 5. On March 11, the District's board of directors held a hearing and voted to award the contract to the second-lowest bidder. WBE then filed a motion for contempt, which was denied on March 19. On March 29, WBE filed a motion for attorney fees. On April 5, the District timely appealed from the denial of its motion for new trial. On April 9, the district court awarded WBE $200 in attorney fees. WBE filed a notice of appeal on April 16 from the March 19 and

April 9 orders.

The District's appeal was subsequently dismissed by the Nebraska Court of Appeals on July 6, 1993; however, the Court of Appeals ordered that WBE's appeal remain docketed in that court. Under the authority granted to us by Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 1994) to regulate the caseloads of the appellate courts of this state, we removed the appeal to this court.

## ASSIGNMENTS OF ERROR

WBE argues that the district court erred (1) in failing to make a determination that the District failed to hold a hearing in compliance with the public meetings laws and the district court's order of February 19, 1993, and (2) in failing to award attorney fees in a reasonable sum.

## ANALYSIS

WBE appealed from the denial of its motion for contempt. Because the motion is not part of the record, the record on appeal has not been properly preserved. It is incumbent upon the party appealing to present a record which supports the errors assigned; absent such a record, the decision of the lower court will generally be affirmed. *Terry v. Duff*, 246 Neb. 524, 519 N.W.2d 550 (1994). We have reviewed the bill of exceptions with regard to the hearing on the motion for contempt, and we find that WBE's first assignment of error is without merit.

WBE also appealed from the order which awarded WBE $200 in attorney fees. At the time the district court awarded WBE attorney fees, the District's appeal from the denial of the motion for new trial had already been perfected. Although WBE had not yet filed its appeal and attorney fees had not yet been awarded by the district court, the issue of attorney fees was related to the district court's order of February 19 regarding the public meetings laws, from which the District had appealed. The district court had no jurisdiction to enter the order for attorney fees, and the order is hereby vacated.

After an appeal has been perfected to an appellate court, the trial court is without jurisdiction to hear a case involving the same matter between the same parties. *Ventura v. State*, 246 Neb. 116, 517 N.W.2d 368 (1994); *Tracy Corp. II v. Nebraska*

*Pub. Serv. Comm.*, 218 Neb. 900, 360 N.W.2d 485 (1984). Where the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction. *Garber v. State*, 241 Neb. 523, 489 N.W.2d 550 (1992). Whether a question is raised by the parties concerning jurisdiction of a lower court or tribunal, it is not only within the power but the duty of an appellate court to determine whether the appellate court has jurisdiction over the matter before it. *R–D Investment Co. v. Board of Equal. of Sarpy Cty., ante* p. 162, 525 N.W.2d 221 (1995). Since the district court was without jurisdiction to award WBE attorney fees because of the District's pending appeal, this court lacks jurisdiction to hear WBE's appeal regarding the award of attorney fees.

The judgment of the district court denying the motion for contempt is affirmed. The district court's award of attorney fees is vacated, and this part of the appeal is dismissed.

AFFIRMED IN PART, AND IN PART
VACATED AND DISMISSED.