MICHAEL M. KERR, APPELLANT, v. BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA ET AL., APPELLEES.

739 N.W.2d 224

Filed August 28, 2007.    No. A-05-953.

Joy Shiffermiller, of Shiffermiller Law Office, for appellant.

John C. Wiltse, Senior Associate General Counsel for the University of Nebraska, and Amber Shenk, Senior Certified Law Student, for appellees.

IRWIN, SIEVERS, and CASSEL, Judges.

SIEVERS, Judge.

The University of Nebraska College of Law Student-Faculty Honor Committee (Honor Committee) found that Michael M. Kerr should be dismissed from the College of Law for engaging in four "exceedingly flagrant" instances of plagiarism. After an appeal, College of Law Dean Steven L. Willborn affirmed the decision of the Honor Committee. Kerr filed a petition in the district court for Lancaster County under the Administrative Procedure Act (APA). Kerr now appeals from the order of the district court that dismissed his petition for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

A hearing was held before the Honor Committee on September 10, 2004, regarding alleged violations of the University of Nebraska College of Law Honor Code (Honor Code) by Kerr. The Honor Committee consisted of three College of Law professors and two students. Kerr attended the hearing and was represented by counsel. As stated in the Honor Committee's opinion, Kerr was charged with "four instances of behavior that

violated sections 1.020(B)(ii) and 1.020(1)(A)" of the Honor Code as follows:

    (1) By submitting a plagiarized paper titled "International Human Rights Law on Health Care" to Professor Brian Lepard in the course in International Human Rights Law in the fall 2003 semester . . . .

    (2) By submitting a plagiarized paper titled "International Labor Rights and the Alien Tort Claims Act" to Professor Brian Lepard as a draft of the final paper for independent research in the spring 2004 semester . . . .

    (3) By submitting a plagiarized paper titled "The Implementation of a Universal Coverage to all Americans is the Best Way to Achieve Moral Fairness and Cost-Effectiveness in the U.S. Health Care Delivery System" to Professor Craig Lawson in the course in Law and Medicine in the fall 2003 semester . . . .

    (4) By submitting the paper referred to in Allegation (3), of which sections I-III and V-VII substantially duplicated sections I-III and VI-VIII of the paper described in Allegation (1), without receiving permission from Professors Lawson and Lepard to submit the same material in two different courses.

The Honor Committee found the evidence was clear that almost none of the substance of the papers described in charges 1 through 3 was Kerr's original work. The Honor Committee also found that major sections of the papers described in charges 1 and 3 were identical and that Professors Brian Lepard and Craig Lawson had not given Kerr permission to submit the same paper for credit in each of their classes. The Honor Committee noted that Kerr did not dispute the evidence, and also noted Kerr testified that he engaged in the conduct outlined in charges 1 through 3, but that he did not have any "culpable intention," because he did not understand what plagiarism really was. Kerr also admitted through counsel that he did submit materially the same paper for credit in two classes as alleged in charge 4. The Honor Committee found that "[a]lthough the evidence of what . . . Kerr actually 'knew' about plagiarism was in dispute, there was overwhelming evidence of what . . . Kerr 'should have known' about plagiarism," because (1) Kerr

had received a syllabus, distributed by Professor Lawson at the beginning of the fall 2003 "Law and Medicine" course, with a section entitled "Plagiarism: What it is, and how to avoid it"; (2) Kerr had received a July 1, 2003, e-mail from a Professor Shavers regarding plagiarism; and (3) in Kerr's first-year legal writing class, he was assigned to read specific passages about plagiarism. The Honor Committee unanimously found by clear and convincing evidence that Kerr violated the Honor Code as outlined in charges 1 through 4. By a vote of four to one, the Honor Committee determined that Kerr should be dismissed from the College of Law. The Honor Committee also determined that Kerr's dismissal should appear on his official University of Nebraska-Lincoln transcript and on his unofficial College of Law transcript. Kerr appealed the Honor Committee's decision to Dean Willborn.

In his decision, Dean Willborn stated that he had reviewed the record, that such provided clear support for the Honor Committee's factual findings, and that such findings of fact were not clearly erroneous. Dean Willborn found that the prosecutor for the Honor Committee hearing did follow "the time requirements of [s]ection 1.050(4) of the Honor Code." Dean Willborn also found that the record did not support Kerr's claim of disparate treatment based on his race or national origin. Dean Willborn affirmed the decision of the Honor Committee.

Kerr filed his "Amended Petition for Review" with the district court on December 10, 2004, alleging that the decisions of the Honor Committee and of the dean were erroneous for a number of reasons. Kerr requested that the district court reverse and vacate the decisions of the Honor Committee and Dean Willborn.

The Board of Regents of the University of Nebraska, the Honor Committee, and Dean Willborn filed an answer on January 6, 2005, which answer (1) objected to the subject matter jurisdiction of the district court, because the proceedings before the Honor Committee are not subject to the APA and such proceedings do not qualify as a "contested case" as defined by Neb. Rev. Stat. § 84-901(3) (Reissue 1999), and (2) alleged that the decisions of the Honor Committee and the dean are supported by substantial evidence, including Kerr's admission

to violating the Honor Code, and that such decisions should be affirmed.

In its order filed on June 30, 2005, the district court noted that Kerr brought the appeal under the APA, asserting that the Honor Committee and Dean Willborn are agencies for purposes of the APA. However, the district court found that "neither the Committee [n]or Dean [is] authorized *by law* to make rules and regulations and [they] are not 'agencies' for purposes of the APA." The district court also noted that Kerr's case did not involve a "contested case" as defined by § 84-901(3), and said:

> Not only are the Committee and Dean not agencies for purposes of the APA and the Committee hearing not an agency hearing, but there is also no identified constitutional or legal right regarding the Honor Code hearing and Kerr's dismissal from the College of Law. The source of Kerr's right to an Honor Code hearing stems from the Code itself, not from a statute or constitution.

The district court held that it did not have jurisdiction under the APA and therefore dismissed Kerr's appeal. Kerr timely appeals the district court's order.

## ASSIGNMENTS OF ERROR

Kerr alleges that the district court erred in a number of ways, but we focus on his claim that the district court erred in finding that neither the Honor Committee nor the dean is an agency for purposes of the APA and that the Honor Committee hearing is not an agency hearing.

## STANDARD OF REVIEW

The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court. *Gabel v. Polk Cty. Bd. of Comrs.*, 269 Neb. 714, 695 N.W.2d 433 (2005). When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law, which requires an appellate court to reach a conclusion independent from the trial court's conclusion on the jurisdictional issue. *Chrysler Corp. v. Lee Janssen Motor Co.*, 248 Neb. 281, 534 N.W.2d 568 (1995); *K N Energy, Inc.*

*v. Cities of Broken Bow et al.*, 248 Neb. 112, 532 N.W.2d 32 (1995). Where the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction. *WBE Co. v. Papio-Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995).

## ANALYSIS

■ Our duty respecting jurisdictional issues is well known, and we quote from *Henderson v. Department of Corr. Servs.*, 256 Neb. 314, 316, 589 N.W.2d 520, 521 (1999):

> Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998). Notwithstanding whether or not the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte. *Schmidt v. State*[, 255 Neb. 551, 586 N.W.2d 148 (1998)]. When a lower court does not gain jurisdiction over the case before it, an appellate court also lacks the jurisdiction to review the merits of the claim. *Id.*

■ Whether a University of Nebraska student's expulsion or dismissal is subject to judicial review under the APA is a matter of first impression. Initially, we note that while the caption on Kerr's operative petition names the "Board of Regents of the University of Nebraska," the operative allegation is found in paragraph 2. There, Kerr alleges: "Respondent, University of Nebraska, College of Law, and more particularly the . . . Honor Committee, and Dean . . . Willborn[,] is the agency whose action is at issue . . . ." Thus, Kerr has made no allegations of any action by the Board of Regents that is subject to judicial review in this case. The character of a pleading is determined by its content, not by its caption. *Lee Sapp Leasing v. Ciao Caffe & Espresso, Inc.*, 10 Neb. App. 948, 640 N.W.2d 677 (2002). Kerr has alleged that the Honor Committee and the dean are the "agency," which ultimately is the key to our analysis of whether jurisdiction exists under the APA. And, it is an undisputed fact that the dismissal of Kerr from the College of Law was not done by the Board of Regents, even though Kerr has ostensibly

attempted to name the Board of Regents as "respondent." It is an undisputed fact that Kerr was dismissed from the College of Law by the Honor Committee, a decision affirmed on appeal by Dean Willborn.

█ The core statutory provision providing for APA jurisdiction in the district court is as follows: "Any person aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review under the [APA]." Neb. Rev. Stat. § 84-917(1) (Reissue 1999).

█ For purposes of the APA, a "contested case" is defined as "a proceeding before an *agency* in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an *agency* hearing." § 84-901(3) (emphasis supplied).

█ An "agency" is each board, commission, department, officer, division, or other administrative office or unit of the state government "authorized by law to make rules and regulations." § 84-901(1). We have found no basis to conclude that the Honor Committee or Dean Willborn is "authorized by law to make rules and regulations," nor does Kerr cite such to us. Without such authorization by law, neither the Honor Committee nor the dean can be an agency for purposes of the APA—a predicate finding for APA jurisdiction in this case. As a result, if the Honor Committee and Dean Willborn are not "agencies," their decisions are not subject to judicial review under the APA.

We next turn to the question of whether this is a "contested case," meaning that Kerr's rights, duties, and privileges "are required by law or constitutional right to be determined after an agency hearing." This issue cuts against Kerr in two ways, because there is no law requiring that the question of whether Kerr remains a College of Law student be determined by an agency (as defined by § 84-901(1)) and, in any event, as said, the Honor Committee and the dean are not agencies under such statute. Therefore, the district court correctly determined that it did not have jurisdiction under the APA, and as a result, neither do we. See *WBE Co. v. Papio-Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995).

APPEAL DISMISSED.