SAM KAPLAN AND GERALD PANKONIN, APPELLANTS, V.
LORI MCCLURG, DIRECTOR OF THE DEPARTMENT OF
ADMINISTRATIVE SERVICES OF THE STATE OF NEBRASKA,
AND THE DEPARTMENT OF ADMINISTRATIVE SERVICES
OF THE STATE OF NEBRASKA, APPELLEES.

710 N.W.2d 96

Filed March 3, 2006.   No. S-04-1097.

Sam Kaplan and Gerald Pankonin, pro se.

Jon Bruning, Attorney General, and Charles E. Lowe for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Sam Kaplan and Gerald Pankonin petitioned the Department of Administrative Services of the State of Nebraska (DAS) for a declaratory order related to their requests for reclassification of their positions with the state. The petition concerned the definition of certain words and the use and application of certain

agency documents. DAS declined to issue such an order, and the petitioners sought judicial review of that decision. The Lancaster County District Court concluded it lacked subject matter jurisdiction because DAS' refusal was not "a final decision in a contested case." See Neb. Rev. Stat. § 84-917(1) (Reissue 1999). The court dismissed the petition for judicial review, and the petitioners appealed.

## SCOPE OF REVIEW

■ When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's. *Heistand v. Heistand*, 267 Neb. 300, 673 N.W.2d 541 (2004).

■ When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of the claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Cummins Mgmt. v. Gilroy*, 266 Neb. 635, 667 N.W.2d 538 (2003).

## FACTS

The petitioners were employed as attorneys by the Department of Health and Human Services Finance and Support. They were part of the state's classified personnel system, which is administered by the director of DAS' state personnel division.

In June 2003, the petitioners submitted requests seeking to be reclassified from attorney III to agency legal counsel I. During the time the reclassification requests were pending, the petitioners filed a petition with DAS seeking a declaratory order under Neb. Rev. Stat. § 84-912.01 (Reissue 1999). The petitioners asked that DAS restrict the criteria that could be used in considering their reclassification requests. They sought a determination that internal guidelines, referred to as "guidance documents," could not be considered in their reclassification review. They also sought a definition of the word "unit" as used in the formal class specification for agency legal counsel I.

On January 29, 2004, the DAS director declined to issue a declaratory order, stating: "[Section] 84-912.01 is generally inapplicable to your inquiry, and . . . your inquiry is beyond the scope

of the subject matter related to that section." However, the director addressed two queries made by the petitioners.

First, the DAS director found that the use of the "guidance document" was appropriate as a supplement to published position criteria. She stated that the document's purpose was to clarify and supplement the requirements for positions and that it did not contradict or supplant the published criteria. In response to the petitioners' claim that the "guidance document" was arbitrary and capricious, the DAS director stated that the document

> provide[d] a greater depth of understanding of the tasks and responsibilities outlined in the criteria; viewing positions in the vacuum of only published criteria would lead to more arbitrary and capricious decisions given the skeletal nature of the criteria. Guidance documents are a vital part of viewing all facts of a position and examining the position in a relative fashion.

Second, the DAS director stated that the definition of a "unit" in the context of the legal services division of the Department of Health and Human Services Finance and Support was correct. The petitioners had argued that the word "unit" as used in the formal class specification for agency legal counsel I should be interpreted to mean the separate "teams" of the legal services division.

In their petition for judicial review, the petitioners claimed that a ruling by DAS on the petition for declaratory order was a necessary and preliminary step that DAS failed to take prior to denying their requests for reclassification. They asserted that DAS' action denied their due process rights and other rights under the Administrative Procedure Act (APA), Neb. Rev. Stat. § 84-901 et seq. (Reissue 1999 & Supp. 2003). They alleged that DAS' decision was arbitrary, capricious, and contrary to the law. They asked that the refusal to issue a declaratory order be set aside and that the matter be remanded to DAS for further consideration of their requests for reclassification.

In their answer, the DAS director and DAS denied that the district court had subject matter jurisdiction to hear the petition for judicial review because DAS' declination did not constitute "a final decision in a 'contested case'" appealable to the court under § 84-917(1).

The district court concluded that it did not have jurisdiction over the matter and dismissed the petition for judicial review. It noted that the petitioners had sought review of DAS' determination that it would not issue a declaratory order pursuant to § 84-912.01 and that this petition for judicial review did not relate to the denial of the petitioners' requests for reclassification. The court opined that the existence of a contested case depended upon whether the petitioners were entitled to a hearing on their petition seeking a declaratory order and whether DAS acted in a quasi-judicial manner. If the petitioners had no right to a hearing, there was no contested case. If DAS did not act in a quasi-judicial manner, there was no right to a hearing and, thus, no contested case. The court found that DAS was not exercising a quasi-judicial function in acting on the petition for a declaratory order, which sought (1) to limit the criteria that could be used in considering the petitioners' reclassification requests and (2) to define the term "unit."

The district court found that DAS had declined to issue a declaratory order because the petition did not seek a declaratory ruling with respect to the applicability of any rule or statute subject to the authority or jurisdiction of DAS. The "guidance document" and class specifications did not fall within the category of "statute, rule, regulation, or order." See § 84-912.01(1). The court dismissed the matter, and the petitioners appealed.

## ASSIGNMENTS OF ERROR

The petitioners' assignments of error can be summarized to allege that the district court erred in failing to find that it had jurisdiction of the matter and in dismissing the petition for judicial review.

## ANALYSIS

Our review is limited to the issue of whether the district court properly concluded that it lacked jurisdiction because the matter was not a contested case under the APA. DAS' declination to reclassify the petitioners' position is not before this court. When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent

from the trial court's. *Heistand v. Heistand*, 267 Neb. 300, 673 N.W.2d 541 (2004).

Section 84-912.01 provides in relevant part:

> (1) Any person may petition an agency for a declaratory order as to the applicability to specified circumstances of a statute, rule, regulation, or order within the primary jurisdiction of the agency. . . .
>
> . . . .
>
> (4) Within thirty days after receipt of a petition for a declaratory order, an agency shall, in writing:
>
> (a) Issue an order . . . declaring the applicability of the statute, rule, regulation, or order in question to the specified circumstances;
>
> . . . or
>
> (c) Decline to issue a declaratory order, stating the reasons for its action.
>
> . . . .
>
> (6) A declaratory order shall have the same status and binding effect as any other order issued in a contested case. . . .
>
> (7) If an agency has not issued a declaratory order within sixty days after receipt of a petition therefor, the petition shall be deemed to have been denied.

In addition, 10 Neb. Admin. Code, ch. 20, § 008 (1984), states:

> 008.01 Petition – Any interested person may petition for request of the Department to issue a declaratory ruling with respect to the applicability to [a] person, property, or state of facts of any rule or statute subject to the authority or jurisdiction of the Department. . . .
>
> 008.02 Consideration of Petition – The Director shall give consideration to all petitions submitted . . . and shall make the following determinations:
>
> . . . .
>
> 008.02B Whether the ruling, if issued, would terminate the uncertainty or controversy giving rise to the petition; and
>
> . . . .
>
> If the Director finds that the Department does have authority and jurisdiction, and that a ruling could terminate

the controversy . . . the Director shall, within ninety (90) days of the filing of the petition, set the matter for hearing. If the Director finds that any of the conditions aforementioned do not exist, the matter will not be set for hearing. The Director shall notify petitioner, within thirty (30) days of the filing of the petition, as to whether or not a hearing will be conducted on the req[u]ested ruling, giving reasons in support of [such] decision.

In the present case, the petitioners sought a declaratory order holding (1) that the state personnel division could not use the "guidance document" in evaluating the petitioners' reclassification requests and (2) that the word "unit" as used in the class specifications be given its plain meaning and not be defined as the entire legal services division of the Department of Health and Human Services Finance and Support. DAS declined to issue such an order.

The district court concluded it lacked jurisdiction because DAS' decision declining to issue a declaratory order was not a final decision in a contested case. For purposes of the APA, a "[c]ontested case" is defined as "a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." § 84-901(3). Accord *Stoneman v. United Neb. Bank*, 254 Neb. 477, 577 N.W.2d 271 (1998). A proceeding becomes a contested case when a hearing is required. *Id.*

"[W]hen an administrative body acts in a quasi-judicial manner, due process requires notice and an opportunity for a full and fair hearing at some stage of the agency proceedings." *Id.* at 484, 577 N.W.2d at 277. Accord *City of Lincoln v. Twin Platte NRD*, 250 Neb. 452, 551 N.W.2d 6 (1996). If an agency acts in a quasi-judicial manner, a case may be deemed contested. *Stoneman v. United Neb. Bank, supra.* Generally, the exercise of discretion to grant or deny a license, permit, or other type of application is a quasi-judicial function. *Id.*

In the case at bar, DAS was not asked to determine the legal rights, duties, or privileges of specific parties. Rather, DAS was asked (1) to limit the criteria that could be used in considering the petitioners' reclassification requests and (2) to define the

word "unit" as used in the class specifications. The declaratory order requested from DAS would not grant or deny a license, permit, or other application.

The parties did not petition DAS for a declaratory order "as to the applicability to specified circumstances of a statute, rule, regulation, or order within the primary jurisdiction of the agency." See § 84-912.01(1) and 10 Neb. Admin. Code, ch. 20, § 008.01. Thus, § 84-912.01 did not require a hearing before DAS to decide the issues raised by the petitioners, the petition for a declaratory order did not require DAS to act in a quasi-judicial manner, and the proceeding was not a contested case under the APA.

The district court correctly determined that it lacked jurisdiction. DAS was not exercising a quasi-judicial function, and the declination to issue a declaratory order did not create a contested case under the APA.

## CONCLUSION

The record demonstrates that DAS' decision not to issue a declaratory order did not create a contested case over which the district court had jurisdiction, and the court correctly determined that it lacked jurisdiction over this matter. When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of the claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Cummins Mgmt. v. Gilroy*, 266 Neb. 635, 667 N.W.2d 538 (2003). The district court did not have jurisdiction, and this court also lacks jurisdiction. Therefore, the appeal is dismissed.

APPEAL DISMISSED.

GERRARD, J., not participating.