STACY LANE VANHORN, APPELLANT, V. NEBRASKA STATE RACING COMMISSION AND DENNIS OELSCHLAGER, EXECUTIVE SECRETARY OF NEBRASKA STATE RACING COMMISSION, APPELLEES.

DOUGLAS L. BRUNK, APPELLANT, V. NEBRASKA STATE RACING COMMISSION AND DENNIS OELSCHLAGER, EXECUTIVE SECRETARY OF NEBRASKA STATE RACING COMMISSION, APPELLEES.

732 N.W.2d 651

Filed June 8, 2007.    Nos. S-06-103, S-06-105.

O. William VonSeggern for appellants.

David T. Schroeder, on brief, for appellant Douglas L. Brunk.

Jon Bruning, Attorney General, and L. Jay Bartel for appellees.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Stacy Lane VanHorn and Douglas L. Brunk, equine veterinarians, were found by the Nebraska State Racing Commission (Commission) to have violated rules regarding the administration of medications to racehorses. VanHorn and Brunk appealed the Commission's assessment of disciplinary sanctions, and the Lancaster County District Court modified the penalties. The Commission appealed from that determination. This court affirmed the district court's order as to the penalties imposed on VanHorn. We affirmed the district court's order as to Brunk, with a modification of the penalties imposed. See *Brunk v. Nebraska State Racing Comm.*, 270 Neb. 186, 700 N.W.2d 594 (2005).

After the mandates from this court were issued, VanHorn and Brunk each filed an "Application for Damages, Costs and Fees" in the district court. The district court concluded it lacked subject matter jurisdiction and sustained the motions to dismiss filed by the Commission and Dennis Oelschlager, the Commission's executive secretary (hereinafter collectively referred to as "Commission"). VanHorn and Brunk appeal.

## SCOPE OF REVIEW

■ When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of the claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Kaplan v. McClurg*, 271 Neb. 101, 710 N.W.2d 96 (2006).

'- ■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 718 N.W.2d 531 (2006).

## FACTS

VanHorn and Brunk served as veterinarians during the 2001 horseracing season at Fonner Park in Grand Island, Nebraska. The Commission determined that VanHorn and Brunk violated Commission rules regarding the administration of medications to racehorses and the handling, packaging, and reporting of medications. It ordered each veterinarian to pay a fine of $2,000 and ruled them ineligible for licensing until January 1, 2006.

VanHorn and Brunk sought review of the Commission's decisions. The district court affirmed the Commission's findings, except the court determined there was insufficient evidence (1) to support the determination that Brunk failed to cooperate with the Commission during its investigation and (2) to find that VanHorn and Brunk were responsible for the administration of Clonidine, a human blood pressure medication, to racehorses. The court shortened VanHorn's period of disqualification from licensure to July 1, 2003, and Brunk's period of disqualification to July 1, 2004.

The Commission appealed to this court, and VanHorn and Brunk cross-appealed. See *Brunk v. Nebraska State Racing Comm., supra.* We concluded the district court was correct in finding that there was insufficient evidence to support the Commission's determination that VanHorn and Brunk violated the Commission's rules concerning the administration of certain medications. However, we reversed the district court's finding that Brunk cooperated with the Commission's investigation. We held that the penalties assessed by the district court were proportionate to the seriousness of the offenses, except as to the issue of Brunk's cooperation with the Commission. We concluded that Brunk's disqualification period should be extended by 6 months, to January 1, 2005.

This court's opinion was filed on July 22, 2005, and the mandates were issued on August 25. Subsequently, VanHorn and

Brunk each filed an "Application for Damages, Costs and Fees" in the district court. They alleged that after the Commission perfected its appeals, they were advised by the Commission that the modification of their suspensions from licensure was stayed pending appeal pursuant to Neb. Rev. Stat. §§ 25-21,213 and 25-21,216 (Reissue 1995). Because the Commission's orders of December 31, 2002, remained in effect pending appeal, VanHorn and Brunk were allegedly unable to acquire licensure until the mandate of this court was issued in August 2005. They claimed the Commission's appeals denied them the opportunity to practice their trade at horseracing events until after this court's decision. VanHorn claimed lost income of $294,000 for the 2004 and 2005 racing seasons, and Brunk claimed lost income of $250,000 for the 2005 racing season.

The Commission moved to dismiss pursuant to Neb. Ct. R. of Pldg. in Civ. Actions 12(b) (rev. 2003), asserting that the district court lacked jurisdiction over the subject matter and/or that the complaints failed to state a claim upon which relief could be granted. The cases were consolidated for argument.

In summary, VanHorn and Brunk claimed they were deprived of income because the Commission appealed the district court's earlier decisions. They asserted that if a supersedeas bond had been required, they would have been entitled to damages from the Commission for any further damages that might result from an appeal. VanHorn and Brunk requested monetary damages for lost earnings during the pendency of the appeals. They argued that if the State had not appealed, VanHorn could have applied for a license for the racing seasons of 2004 and 2005 and Brunk would have been permitted to apply for a license for the racing season of 2005. They claimed that the statutes, which acted as a supersedeas, deprived them of the opportunity to work and that they should be compensated accordingly.

The district court noted that under § 25-21,213, when the State is a party, no appeal or supersedeas bond is required and the filing of a notice of intention to appeal operates as a supersedeas. The record showed that VanHorn and Brunk had not asked either the district court or this court for damages as a result of the Commission's appeals. The district court determined it did not have jurisdiction to consider the requests for

damages, and it sustained the Commission's motions to dismiss. The court also concluded it lacked jurisdiction to award attorney fees or costs on appeal except as directed by the mandates of an appellate court, and the mandates here did not include an award of attorney fees.

## ASSIGNMENTS OF ERROR

VanHorn and Brunk assert that the district court erred in determining that it lacked jurisdiction to consider their requests for damages and in sustaining the Commission's motions to dismiss.

## ANALYSIS

When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of the claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Kaplan v. McClurg*, 271 Neb. 101, 710 N.W.2d 96 (2006). The district court here concluded it lacked authority to take any action other than that stated in the mandates issued by this court. The mandates informed the district court that its earlier decisions concerning VanHorn and Brunk had either been affirmed or affirmed as modified, and the mandates directed the district court to, "without delay, proceed to enter judgment in conformity with the judgment and opinion of [the Nebraska Supreme Court]."

This court has stated:

> When an appellate court remands a cause with directions, the judgment of the appellate court is a final judgment in the cause, and the entry thereof in the lower court is a purely ministerial act. No modification of the judgment so directed can be made, nor may any provision be engrafted on or taken from it. That order is conclusive on the parties, and no judgment or order different from, or in addition to, that directed by it can have any effect, even though it may be such as the appellate court ought to have directed.

*K N Energy, Inc. v. Cities of Broken Bow et al.*, 248 Neb. 112, 115, 532 N.W.2d 32, 34 (1995) (*K N Energy, Inc., II*).

In *K N Energy, Inc., II*, the district court had, in part, enjoined certain municipalities from continuing to enforce gas rate ordinances which were subsequently challenged by K N Energy. The Nebraska Court of Appeals reversed the judgment and remanded the cause for a new trial. See *K N Energy, Inc. v. Cities of Broken Bow et al.*, Nos. A-91-848 through A-91-851, 1992 WL 322016 (Neb. App. Nov. 10, 1992) (not designated for permanent publication). Upon further review, this court reversed the judgment of the Court of Appeals and remanded with direction to reinstate the enforcement of rates prescribed by the municipalities' ordinances. *K N Energy, Inc. v. Cities of Broken Bow et al.*, 244 Neb. 113, 505 N.W.2d 102 (1993) (*K N Energy, Inc., I*). Subsequently, using the same docket and page numbers in the district court as those in the earlier actions, the municipalities filed motions for refunds to ratepayers. *K N Energy, Inc., II*. The district court found it lacked jurisdiction and dismissed the motions. *Id.* On appeal, this court determined that our opinion reinstating the district court's order was a final judgment and that, therefore, the district court lacked jurisdiction to grant motions that sought to supplement the appellate court's order when the motions were filed in a fully adjudicated cause of action. *Id.*

In *Gates v. Howell*, 204 Neb. 256, 282 N.W.2d 22 (1979) (*Gates I*), we held that statutes which defined a mobile home as a motor vehicle were unconstitutional. We reversed the judgment of the lower court and remanded the cause with directions to enter a judgment in accordance with our opinion. Following the mandate, the appellants filed a document entitled "'Application,'" in which they sought an order from the trial court regarding matters which were beyond the issues covered by our opinion. *Gates v. Howell*, 211 Neb. 85, 87, 317 N.W.2d 772, 774 (1982) (*Gates II*). We concluded that the appellants were attempting to reopen the case and obtain further relief beyond that provided by *Gates I*. The trial court entered an order which followed the mandate of this court, and the appellants filed an appeal, claiming that the trial court erred in failing to provide all the relief they had requested.

In *Gates II*, we denied the appellants any further relief and directed the trial court to enter a judgment in accordance with

*Gates I.* We stated that if the appellants had a further cause of action arising out of the decision in *Gates I*, they needed to file a new lawsuit and present evidence. "They may not, however, simply extend their request for relief beyond that which was initially determined by this court." *Gates II*, 211 Neb. at 90, 317 N.W.2d at 775.

In *State ex rel. Hilt Truck Line v. Jensen*, 218 Neb. 591, 593, 357 N.W.2d 455, 457 (1984), we stated:

> Where the Supreme Court reverses and remands a cause to the district court for a special purpose, on remand the district court has no power or jurisdiction to do anything except to proceed in accordance with the mandate as interpreted in the light of the Supreme Court's opinion. . . .
>
> A trial court is without power to affect rights and duties outside the scope of the remand from an appellate court. No judgment other than that directed or permitted by the Supreme Court's mandate may be rendered in the district court upon remand of a cause.

(Citations omitted.)

In the cases at bar, the prior actions were fully adjudicated when the district court spread the mandates as directed. The district court had no authority to take additional action in the cases. By filing their requests for damages after the mandates were entered, VanHorn and Brunk were attempting to obtain further relief, which they had not previously requested from the district court. Such matters were outside the mandates of this court, and the district court lacked jurisdiction to take any action other than that directed by the mandates.

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 718 N.W.2d 531 (2006). The granting of a motion to dismiss for lack of subject matter jurisdiction under rule 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same de novo standard of review as a motion brought under rule 12(b)(6). *Anderson v. Wells Fargo Fin. Accept.*, 269 Neb. 595, 694 N.W.2d 625 (2005).

Upon de novo review, we conclude that the district court properly found it lacked jurisdiction over the issues of damages, costs, and fees because the court had already entered judgment in accordance with this court's mandates. As noted earlier, this court cannot determine the merits of an issue when the lower court lacked subject matter jurisdiction. See *Kaplan v. McClurg*, 271 Neb. 101, 710 N.W.2d 96 (2006). This court has no power to consider the merits of the requests by VanHorn and Brunk for damages, costs, and fees.

## CONCLUSION

Because the district court lacked jurisdiction over these matters, so too does this court. The appeals are dismissed for lack of jurisdiction.

APPEALS DISMISSED.