Nebraska Supreme Court Online Library
www.nebraska.gov/courts/epub/
01/15/2016 12:05 PM CST

KEITH D. PURDIE, APPELLANT, V. NEBRASKA
DEPARTMENT OF CORRECTIONAL SERVICES
AND BRIAN GAGE, IN HIS INDIVIDUAL
CAPACITY, APPELLEES.
___ N.W.2d ___

Filed January 15, 2016.    No. S-15-282.

1. **Judgments: Jurisdiction: Appeal and Error.** When a jurisdictional
   question does not involve a factual dispute, its determination is a matter
   of law, which requires an appellate court to reach a conclusion indepen-
   dent of the decisions made by the lower court.
2. **Administrative Law: Jurisdiction.** The presence of a "contested case"
   is a predicate to jurisdiction in a case under Neb. Rev. Stat. § 84-917(a)
   (Reissue 2014) of the Administrative Procedure Act.
3. **Prisoners: Due Process.** Prison inmates have no inherent due process
   right to have their security level downgraded, and therefore an inmate is
   not entitled to a hearing on the matter.

Petition for further review from the Court of Appeals,
MOORE, Chief Judge, and PIRTLE and BISHOP, Judges, on appeal
thereto from the District Court for Lancaster County, LORI A.
MARET, Judge. Judgment of Court of Appeals affirmed.

Keith D. Purdie, pro se.

Douglas J. Peterson, Attorney General, and Kyle J. Citta for
appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, McCORMACK, MILLER-
LERMAN, and CASSEL, JJ.

Miller-Lerman, J.
## NATURE OF CASE
Keith D. Purdie filed a petition in the district court for Lancaster County seeking judicial review pursuant to the Administrative Procedure Act (APA), Neb. Rev. Stat. §§ 84-901 through 84-920 (Reissue 2014), of a decision by the Department of Correctional Services (DCS) regarding Purdie's level of custody. The district court determined that DCS' decision did not involve a contested case and that therefore the court lacked jurisdiction. The district court dismissed Purdie's petition. Purdie appealed the dismissal. The Nebraska Court of Appeals determined that the district court had properly concluded that it lacked jurisdiction and that therefore the Court of Appeals also lacked jurisdiction over the appeal. The Court of Appeals dismissed the appeal.

We granted Purdie's petition for further review. We agree with the lower courts that the decision regarding Purdie's level of custody was not made in a "contested case" as defined in the APA, and we conclude that the presence of a "contested case" is a jurisdictional requirement under the APA. The district court correctly determined that it lacked jurisdiction over Purdie's petition for review, and the Court of Appeals correctly concluded that it lacked jurisdiction to adjudicate the merits and dismissed the appeal. Accordingly, we affirm the order of dismissal of the Court of Appeals.

## STATEMENT OF FACTS
Purdie, an inmate at the Tecumseh State Correctional Institution (TSCI), applied for reclassification of his custody level from medium custody to minimum custody. The unit administrator at TSCI determined that Purdie's classification should remain at medium custody. Purdie appealed the classification decision to the DCS "Director's Review Committee." The committee agreed with the institutional decision and denied Purdie's appeal.

Purdie filed a pro se petition in the district court for Lancaster County seeking judicial review of DCS' decision regarding his custody classification. Purdie alleged that his petition was filed pursuant to the APA and that the action involved a contested case.

DCS filed a motion under Neb. Ct. R. Pldg. § 6-1112(b)(1), asserting the petition should be dismissed for lack of jurisdiction. The court determined that DCS' decision was not made in a "contested case" and that therefore it lacked jurisdiction under the APA. The district court sustained the motion to dismiss. Purdie filed a notice of appeal, and the district court granted his application to proceed in forma pauperis on appeal.

The Court of Appeals on its own motion filed an order in which it dismissed the appeal for lack of jurisdiction. In the order, the Court of Appeals agreed with the district court's conclusion that Purdie's judicial review sought in the district court was not taken from a contested case and that the district court lacked jurisdiction under the APA. The Court of Appeals concluded that it lacked the power to determine the merits and dismissed the appeal for lack of jurisdiction.

We granted Purdie's petition for further review of the Court of Appeals' order which dismissed his appeal.

ASSIGNMENT OF ERROR

Purdie claims that the Court of Appeals erred when it concluded that DCS' decision regarding his level of custody was not made in a contested case and dismissed his appeal.

STANDARD OF REVIEW

[1] When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decisions made by the lower court. *O'Neal v. State*, 290 Neb. 943, 863 N.W.2d 162 (2015).

## ANALYSIS

Purdie claims that the Court of Appeals erred when it dismissed the appeal. Purdie asserts that he sought judicial review of a contested case and that therefore neither the district court nor the Court of Appeals lacked jurisdiction. We conclude that the presence of a contested case is jurisdictional under the APA, that DCS' decision regarding Purdie's level of custody was not made in a contested case, and that the district court lacked jurisdiction under the APA, as the Court of Appeals correctly concluded. Accordingly, the order of the Court of Appeals which dismissed the appeal for lack of jurisdiction is affirmed.

Purdie, an inmate at TSCI, alleged in his petition for review filed in the district court that he had been aggrieved by a final decision in a contested case and that therefore he was entitled to judicial review under the APA. In this case, Purdie applied for reclassification of his level of custody. The unit administrator at TSCI denied the request for reclassification. Purdie thereafter appealed the classification decision, and the DCS' review committee agreed with the institutional decision and denied Purdie's appeal.

[2] Section 84-917(1) of the APA provides that "[a]ny person aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review under the [APA]." Therefore, whether Purdie was entitled to judicial review of DCS' decision depends upon whether he was aggrieved by "a final decision in a contested case," which, by definition, depends upon whether DCS' decision regarding Purdie's level of custody was made in a contested case. Section 84-901(3) of the APA defines "contested case" as "a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." The presence of a "contested case" is a predicate to

jurisdiction in an APA case. See *Kaplan v. McClurg*, 271 Neb. 101, 710 N.W.2d 96 (2006).

[3] The substance of Purdie's case was his unsuccessful request for a more favorable level of custody. Purdie has not directed us to a law or constitutional right ensuring entitlement to a particular level of custody the determination of which requires a hearing. To the contrary, we have previously rejected such proposed entitlement. In *Abdullah v. Nebraska Dept. of Corr. Servs.*, 246 Neb. 109, 116, 517 N.W.2d 108, 112 (1994), this court stated that "prison inmates have no inherent due process right to have their security level downgraded" and that therefore an inmate is not entitled to a hearing on the matter. See, also, *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (due process liberty interest in inmate custody classification generally limited to freedom from restraint which imposes atypical and significant hardship in relation to ordinary incidents of prison life). Furthermore, there is no indication in the record that a hearing was held on the matter, and Purdie does not point us to any authority to the effect there is any requirement "by law or constitutional right" that the classification decision is "to be determined after an agency hearing." See § 84-901(3).

DCS' custodial classification decision may be contrasted to other DCS decisions which are subject to judicial review under the APA because statutory law makes it so. In *Dittrich v. Nebraska Dept. of Corr. Servs.*, 248 Neb. 818, 819-20, 539 N.W.2d 432, 434 (1995), we stated that Neb. Rev. Stat. § 83-4,123 (Reissue 2014) regarding disciplinary procedures in adult institutions "permits judicial review [under the APA] of disciplinary cases in adult institutions only when the disciplinary action imposed on the inmate involves the imposition of disciplinary isolation or the loss of good-time credit." For this proposition, we cited *Abdullah v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 545, 513 N.W.2d 877 (1994), which

also relied on § 83-4,123. Section 83-4,123 provides that "[n]othing in sections 83-4,109 to 83-4,123," regarding disciplinary procedures in adult institutions, should be construed to restrict or impair "judicial review for disciplinary cases which involve the imposition of disciplinary isolation or the loss of good-time credit in accordance with the [APA]." Thus, in these cases, we recognized that the law, specifically § 83-4,123, required that certain types of disciplinary cases be treated as "contested cases" for purposes of judicial review under the APA, but we have not found a constitutional or statutory basis for requiring level of custody decisions to be treated as contested cases for APA purposes. See *Abdullah v. Nebraska Dept. of Corr. Services*, 246 Neb. 109, 517 N.W.2d 108 (1994).

As just noted, there is a statutory basis for treating certain disciplinary decisions as contested cases for APA purposes, and in a similar manner, there are statutory bases which render the decisions of other agencies "contested cases" for APA purposes. See, *Langvardt v. Horton*, 254 Neb. 878, 889, 581 N.W.2d 60, 67 (1998) (noting that Neb. Rev. Stat. § 71-159 (Reissue 1996) provided that disciplinary measures taken against a professional licensee could be appealed "'in accordance with the [APA]'" and that therefore disciplinary proceeding was contested case); *Richardson v. Board of Education*, 206 Neb. 18, 290 N.W.2d 803 (1980) (noting that appeals to State Board of Education provided for in Neb. Rev. Stat. § 79-1103.05(2) (Reissue 1976) were contested cases subject to judicial review under APA).

By contrast, in other cases, we have determined that agency decisions were not made in contested cases when no hearing was required by law. For example, in *Kaplan v. McClurg*, 271 Neb. 101, 710 N.W.2d 96 (2006), we noted that the relevant statute did not require a hearing before the Department of Administrative Services to decide issues raised by petitioners and that therefore the proceeding was not a "contested case"

under the APA. In *Kerr v. Board of Regents*, 15 Neb. App. 907, 739 N.W.2d 224 (2007), it was noted that no law required that the question of whether a student should remain in college be determined by an agency or in an agency hearing and that therefore the decision to dismiss the student was not made in a "contested case" as defined in the APA.

Because the custodial classification at issue in this case did not involve "legal rights, duties, or privileges of specific parties" and the matter was not "required by law or constitutional right to be determined after an agency hearing," DCS' decision was not made in a "contested case" as defined in § 84-901(3). Because DCS' decision was not a final decision in a "contested case," Purdie was not entitled to judicial review of the decision under § 84-917(1) of the APA.

To summarize, the presence of a contested case is necessary to establish jurisdiction under the APA; in the absence of a contested case, the district court is not authorized under the APA to review the category of cases arising from institutional decisions. See *Whitesides v. Whitesides*, 290 Neb. 116, 858 N.W.2d 858 (2015) (subject matter jurisdiction is power of tribunal to hear and determine case in general class or category to which proceedings in question belong and to deal with general subject matter involved). The district court did not have jurisdiction under the APA, and it did not err when it dismissed Purdie's petition for lack of jurisdiction.

When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of the claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Engler v. State*, 283 Neb. 985, 814 N.W.2d 387 (2012). Therefore, the Court of Appeals did not err when it dismissed this appeal for lack of jurisdiction.

Regarding the character of dismissals, we note that we have recently cautioned against dismissing an action for the stated reason that the court lacks jurisdiction when in fact the

correct explanation for dismissal is instead some other reason, such as failure to state a claim. See, *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015); *State v. Ryan*, 287 Neb. 938, 845 N.W.2d 287 (2014); *Anderson v. Houston*, 274 Neb. 916, 744 N.W.2d 410 (2008). However, in the present case, the absence of a contested case is properly characterized as leading to a dismissal for lack of jurisdiction.

Section 84-917(1) provides that a person "aggrieved by a final decision in a contested case" is entitled to judicial review of the decision under the APA. In *Big John's Billiards v. Balka*, 254 Neb. 528, 530, 577 N.W.2d 294, 296 (1998), referring to § 84-917 (Reissue 1994), we stated that "[f]or a district court to have jurisdiction over an administrative agency's decision, that decision must be final." Similar to our reasoning in *Big John's Billards*, a "contested case" is also a jurisdictional requirement to invoke judicial review pursuant to the APA and the absence of a "contested case" deprives the district court of the authority to hear the case under the APA.

For completeness, we note that in his brief in support of further review, Purdie states that a prison official changed Purdie's tentative release date as "punishment." Brief for appellant at 7. Purdie therefore asserts that this case involves a disciplinary decision and not simply a decision regarding his level of custody and that thus, it should be considered a "contested case." However, these allegations regarding an alleged punitive change in his tentative release date were not included in Purdie's petition for review initially filed in the district court. Instead, Purdie appears to be attempting to raise a new challenge on appeal. An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *Carlson v. Allianz Versicherungs-AG*, 287 Neb. 628, 844 N.W.2d 264 (2014). We therefore give no consideration to Purdie's argument regarding an alleged punitive change in his tentative release date.

## CONCLUSION

As applicable to this case, the APA authorizes judicial review of an agency's decision only when such decision is made in a "contested case." The DCS' decision regarding Purdie's level of custody was not made in a "contested case" as defined in the APA. The district court lacked jurisdiction to review the level of custody decision and properly dismissed the case for lack of jurisdiction. Because the district court lacked jurisdiction, the Court of Appeals correctly concluded that it lacked jurisdiction over this appeal. We therefore affirm the order of the Court of Appeals which dismissed this appeal.

Affirmed.

Stacy, J., not participating.