Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/21/2019 09:06 AM CDT

- 276 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARITY FIELD FARMS v. BOARD OF ED. LANDS & FUNDS
Cite as 27 Neb. App. 276

Charity Field Farms, Inc., appellant, v.
Board of Educational Lands and
Funds et al., appellees.

___ N.W.2d ___

Filed May 21, 2019.    No. A-18-044.

1. **Judgments: Jurisdiction: Appeal and Error.** When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's.

2. **Jurisdiction: Appeal and Error.** When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of the claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.

3. **Administrative Law: Final Orders: Appeal and Error.** Under the Administrative Procedure Act, any person aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review.

4. **Administrative Law: Words and Phrases.** For purposes of the Administrative Procedure Act, a contested case is defined as a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing.

Appeal from the District Court for Lancaster County: Kevin R. McManaman, Judge. Appeal dismissed.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Douglas J. Peterson, Attorney General, and James D. Smith, Solicitor General, for appellees.

- 277 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
CHARITY FIELD FARMS v. BOARD OF ED. LANDS & FUNDS
Cite as 27 Neb. App. 276

PIRTLE, ARTERBURN, and WELCH, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Charity Field Farms, Inc. (Charity Field), requested that the Board of Educational Lands and Funds refer a dispute over a land survey which had arisen between Charity Field and a neighboring land owner, Trampe Bros., L.L.C., to Nebraska's State Surveyor for an evidentiary hearing and settlement. At the time of Charity Field's request, it was involved in litigation with Trampe Bros. regarding a property line dispute and an associated land survey. After a regular meeting of the board, it declined to refer the dispute to the State Surveyor. Charity Field sought judicial review of the board's decision. The Lancaster County District Court concluded it lacked subject matter jurisdiction because the board's decision "was not a final order in a contested case." See Neb. Rev. Stat. § 84-917(1) (Reissue 2014). The court dismissed Charity Field's purported appeal from the board's decision, and now Charity Field appeals to this court. Upon our review, we determine that the district court did not have jurisdiction and that as such, we also lack jurisdiction. Therefore, the appeal is dismissed.

## BACKGROUND

Before we recite the factual circumstances surrounding this appeal, we note some concerns regarding the record before us. In particular, we note that our "record" of the proceedings held before the board was created by Charity Field, and not the board, which was the agency presiding over the proceedings. This "record" is found in the transcript as an attachment to the "Appeal" that was filed in the Lancaster County District Court. Charity Field has provided some indication that the board refused to make or provide an official record regarding what transpired at the pertinent board meeting. Ultimately, we need not decide whether the record before us is proper, because even if we consider the record created and provided

- 278 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARITY FIELD FARMS v. BOARD OF ED. LANDS & FUNDS
Cite as 27 Neb. App. 276

by Charity Field, we conclude that we do not have juris-
diction to consider the merits of Charity Field's assertions.
Accordingly, we simply note that our recitation of the factual
circumstances underlying this appeal are taken from an "unof-
ficial" record created by Charity Field.

On January 5, 2017, counsel for Charity Field sent two let-
ters to the office of the State Surveyor. In one of the letters,
counsel describes the ongoing litigation between Charity Field
and Trampe Bros. and indicates that Charity Field is request-
ing that the State Surveyor resolve a dispute regarding a land
survey that was conducted as a part of the litigation. That let-
ter reads as follows:

> [Trampe Bros. and Charity Field] are involved in lit-
> igation filed in the District Court of Phelps County,
> Nebraska. This litigation involves accretion land. As a
> result of the litigation a survey of the accretion land and
> surrounding land, together with designation of bounda-
> ries was prepared by Mitch Humphrey, dated December
> 7, 2016, and concerns land in Sections 10 & 15 in
> Township 8 North, Range 17 West. This survey designat-
> ing boundaries has created a dispute between the parties.
> As attorneys for . . . Charity [Field], pursuant to §84-410
> Neb. R.R.S., it is requested that this dispute be referred
> to the State Surveyor for settlement and hearing be held
> on the matter.
>
> To make it clear, Charity Field['s] dispute is limited to
> the surveyor's designation and placement of the boundary
> line between Buffalo and Phelps County, Nebraska and
> the surveyor's opinion, set forth in the survey, that a cer-
> tain location on the survey is the "thread of the stream".

In the second January 5, 2017, letter to the office of the
State Surveyor, Charity Field's counsel writes that Charity
Field "respectfully objects to the filing" of the December 2016
land survey authored by Mitch Humphrey. Counsel explains:

> Because, according to statute, the information con-
> tained within a filed survey is given the status of "prima

- 279 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARITY FIELD FARMS v. BOARD OF ED. LANDS & FUNDS
Cite as 27 Neb. App. 276

facie evidence of correctness", it is important that a surveyor's mere opinion [regarding the location of the thread of the stream] appearing on a survey is not given the status of "prima facie evidence of correctness."

Counsel for Charity Field wrote a third letter to the office of the State Surveyor on January 25, 2017. In this letter, counsel notes that after the January 5 letters were forwarded to the office, Humphrey's December 2016 land survey was, in fact, filed over Charity Field's objection. The January 25 letter renews the objections to the now filed survey and requests that the land survey "be stricken from [the] repository."

On February 2, 2017, the board responded to Charity Field's previous correspondence. In a written letter, the chief executive officer of the board wrote:

The Nebraska Board of Educational Lands and Funds has received your correspondence addressed to the State Surveyor, dated January 5, 2017 wherein, essentially, you request that an inquiry or dispute regarding a survey be referred to the State Surveyor for his opinion, in reference to Section 84-410, Neb. R.R.S.

This letter is to inform you that this matter has been placed on the agenda to be discussed at the Board of Educational Lands and Funds' next regularly scheduled meeting on Friday, February 17th at 8:15 a.m. at our offices in Lincoln, Nebraska. A total of ½ hour has been allocated to this issue, which time shall be divided proportionately among any members of the public who appear to provide comment.

Should you wish to be heard on this matter, please be present on the above date at the aforementioned time, which meeting will be held in our Board room.

Counsel for Charity Field continued corresponding with the board in a letter dated February 7, 2017. In the letter, counsel for Charity Field expresses some confusion with what was to transpire at the board's meeting on February 17. Counsel expressed concern that the board meeting would not be "an

- 280 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
CHARITY FIELD FARMS v. BOARD OF ED. LANDS & FUNDS
Cite as 27 Neb. App. 276

evidentiary hearing as contemplated by the statute and as we requested." Charity Field requested that it be provided with an opportunity to present evidence and argument on its position at a hearing without such a limited timeframe. Charity Field also indicated its desire to have a court reporter present at the evidentiary hearing in order to make a record. The board responded to Charity Field's inquiry the next day. In a letter dated February 8, 2017, the board explained that "the item placed upon the agenda of the Board of Educational Lands and Funds is to allow the Board of Educational Lands and Funds to take formal action as to whether to refer this matter to the State Surveyor," and that "[p]ursuant to statute, that step needs to be accomplished prior to the Surveyor rendering any opinion."

Counsel for Charity Field and for Trampe Bros. appeared at the board meeting on February 17, 2017. Counsel for Charity Field brought a court reporter to the meeting to make a record. Counsel then described to the board the underlying litigation between Charity Field and Trampe Bros. and discussed, in detail, Charity Field's objections to the December 2016 land survey authored by Humphrey. In support of Charity Field's position, it provided "exhibits" to the board members. Such exhibits included copies of the pleadings filed in the case before the Phelps County District Court; copies of the correspondence between counsel and the board; portions of deposition testimony from a designated representative of Charity Field; and copies of the survey at issue. Ultimately, Charity Field expressed to the board its belief that because there was a "legitimate dispute" regarding the land survey, the board was statutorily required to submit the issue to the State Surveyor for his review. Counsel for Trampe Bros. also made a brief statement to the board. First, counsel indicated his belief that the board meeting was not "an evidentiary hearing" and that, as a result, Trampe Bros. would not be offering any exhibits. Counsel also argued that the board did not have jurisdiction to consider the dispute regarding the land survey,

- 281 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARITY FIELD FARMS v. BOARD OF ED. LANDS & FUNDS
Cite as 27 Neb. App. 276

because of the pending litigation in the district court. Finally, counsel provided case law to the board to demonstrate that there was no statutory right to review by the State Surveyor under these circumstances. The board took the "matter under advisement" and indicated it would render a decision at some point in the future.

On March 20, 2017, the board authored a letter addressed to counsel for Charity Field and to counsel for Trampe Bros. In the letter, the board indicated that at its regularly scheduled March board meeting, it had taken a vote regarding whether to refer the parties' survey dispute to the State Surveyor. The letter stated, "It was the determination of the Board, following a motion, second and unanimous vote, to defer to the jurisdiction of the Phelps County District Court, and thereby deny Charity Field [its] request to refer this matter to the State Surveyor's Office."

On April 18, 2017, Charity Field filed a document it entitled "Appeal" in the Lancaster County District Court. The case caption listed the board, the chief executive officer of the board, and the State Surveyor as "Appellees." In the document, Charity Field indicated that it was appealing from the board's decision to deny its request to submit the dispute over the December 2016 land survey authored by Humphrey to the State Surveyor. Charity Field requested that the district court order the board to submit the dispute to the State Surveyor for review. The named appellees, including the board, filed a motion to dismiss Charity Field's purported appeal. In the motion, the appellees argued, among other things, that the district court did not have subject matter jurisdiction to decide the issue raised in Charity Field's appeal.

A hearing was held on the motion to dismiss. After the hearing, the district court entered a detailed order granting the motion to dismiss. Specifically, the court found that it lacked jurisdiction over the matter because it "does not involve an [Administrative Procedure Act] appeal, a necessary party is missing, and to entertain the matter would lead to piecemeal

- 282 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARITY FIELD FARMS v. BOARD OF ED. LANDS & FUNDS
Cite as 27 Neb. App. 276

litigation and appeals." We will further discuss the district court's specific findings as necessary in our analysis below.

Charity Field appeals from the district court's finding that it lacked jurisdiction over Charity Field's appeal from the board's decision to deny the request to submit the survey dispute to the State Surveyor.

## ASSIGNMENTS OF ERROR

Charity Field's assignments of error can be summarized to allege that the district court erred in failing to find that it had jurisdiction of the matter and in dismissing the case.

## STANDARD OF REVIEW

[1] When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's. *Kaplan v. McClurg*, 271 Neb. 101, 710 N.W.2d 96 (2006).

[2] When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of the claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Id*.

## ANALYSIS

In the district court's order granting the board's motion to dismiss, it indicated that Charity Field's "Appeal," purported to be an appeal pursuant to the Administrative Procedure Act (APA). See Neb. Rev. Stat. § 84-901 et seq. (Reissue 2014 & Cum. Supp. 2018). However, the court indicated that the "Appeal" may also be read as an action for declaratory judgment which was asking the district court to direct the board "to refer a survey dispute between landowners to the State Surveyor for arbitration." Ultimately, the district court concluded that under either theory, it did not have jurisdiction to consider the merits of Charity Field's claims.

- 283 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARITY FIELD FARMS v. BOARD OF ED. LANDS & FUNDS
Cite as 27 Neb. App. 276

The district court found that if the action was to be construed as asking for a declaratory judgment, then the court did not have jurisdiction because (1) Charity Field did not join Trampe Bros., which was a necessary party to the action, and (2) there was already a pending action with regard to the disputed land in the Phelps County District Court. The court explained, "Entertaining a declaratory judgment action in this circumstance would result in the precise judicial inefficiency, complete with piecemeal litigation and appeals, that [the Nebraska Supreme Court has previously] strongly discourage[d]." We note that, on appeal, Charity Field does not assert that its "Appeal" filed in the district court contained an action for declaratory judgment. Rather, Charity Field has proceeded as though the only action raised by the pleading was an appeal from an agency decision under the APA. As a result, we need not address whether the district court was correct in determining that it did not have jurisdiction over a declaratory judgment action.

In the district court's order, it found that it lacked jurisdiction over Charity Field's purported appeal from the decision of the board, which is a state agency. The district court concluded that "this matter does not constitute a contested case or controversy under the APA." Specifically, the court found that there was not a contested hearing held before the board and that the board was not required to refer the dispute over the December 2016 land survey to the State Surveyor for review. Upon our review of the record provided to us, we agree with the findings of the district court.

[3,4] Under the APA, "Any person aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review under the [APA]." § 84-917(1). For purposes of the APA, a contested case is defined as a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing. See § 84-901(3). See, also, *Kaplan v.*

- 284 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
CHARITY FIELD FARMS v. BOARD OF ED. LANDS & FUNDS
Cite as 27 Neb. App. 276

*McClurg*, 271 Neb. 101, 710 N.W.2d 96 (2006). A proceeding becomes a contested case when a hearing is required. *Id.*

Here, there was no hearing held before the board. Rather, Charity Field attended a regularly scheduled monthly meeting of the board and argued that the board should refer the dispute over the land survey to the State Surveyor. Arguably, Charity Field proceeded as though the board meeting were an evidentiary hearing. Charity Field brought a court reporter to the meeting to make a record of what occurred. It also offered "exhibits" to the board as evidence of its position. However, Charity Field's actions did not transform the monthly board meeting into an evidentiary hearing. In fact, in its February 8, 2017, letter to Charity Field, the board made it quite clear that the monthly board meeting was not an evidentiary hearing. Instead, the issue of whether to refer the dispute over the land survey to the State Surveyor was merely one item on the board's meeting agenda.

Moreover, the board was not required by law or constitutional right to provide any specific relief to Charity Field. Contrary to Charity Field's assertion at the board meeting, in the district court, and now, in this appeal, the statutorily defined powers of the board did not require it to refer the dispute over the land survey to the State Surveyor. Neb. Rev. Stat. § 84-408 (Reissue 2014) provides, in relevant part: "The [b]oard . . . shall refer to the State Surveyor all questions or inquiries relating to surveys, grievances or disputes growing out of conflicting surveys of lands or lots. The surveyor shall issue and prepare the advice, instruction and opinion, and issue the same under the approval of the board." In addition, Neb. Rev. Stat. § 84-410 (Reissue 2014) provides as follows:

> In case of any dispute among owners of and arising for or by reason of any survey of boundaries of lands within this state, or in case of dispute or disagreement between surveyors as to said surveys or boundaries, the same shall be referred to the State Surveyor for settlement. He is hereby appointed as arbitrator to settle and determine

- 285 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARITY FIELD FARMS v. BOARD OF ED. LANDS & FUNDS
Cite as 27 Neb. App. 276

such disputes or disagreements as to said surveys and boundaries and his decision shall be prima facie evidence of the correctness thereof. In making such surveys, the State Surveyor and deputies shall each have power in any county of the State of Nebraska to summon and compel the attendance of witnesses before them to testify as to material facts relating to their knowledge of lost or obliterated corners. The State Surveyor and deputies are authorized and empowered to administer oaths and affirmations to their assistants and to witnesses.

Although each of these statutory sections is worded such that the board "shall refer" disputes to the State Surveyor, the Supreme Court has held that this language is permissive, and not mandatory. *Reed v. Wellman*, 110 Neb. 166, 193 N.W. 261 (1923). In *Reed v. Wellman*, 110 Neb. at 171, 193 N.W. at 263, the court held:

With these principles in view, it seems that the word "shall" should be construed as permissive rather than mandatory, which will effectuate the intention of the [L]egislature to provide by agreement of the parties a prompt and inexpensive method of determining disputed boundaries, without interference with the common law and constitutional right of the citizen to appeal to the courts.

The court further explained that if the language was read to be mandatory, it would "provide a condition precedent to the presentation of the dispute to the courts of the state" and such a condition precedent would be unconstitutional. *Id*. at 170, 193 N.W. at 262. To the extent that Charity Field suggests that *Reed v. Wellman, supra*, is no longer good law or that it should be overruled due to further developments in our statutory laws, we note that neither Charity Field nor our own research has produced any specific statute or case which has expressly overruled the Supreme Court's holding in *Reed v. Wellman, supra*. As such, the case remains good law and continues to be precedent which this court is obligated to follow.

- 286 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARITY FIELD FARMS v. BOARD OF ED. LANDS & FUNDS
Cite as 27 Neb. App. 276

The APA does not provide for judicial review of the board's decision in this matter. There has not been a final decision in a contested case. There was no evidentiary hearing held by the board, and the board was not required to provide Charity Field with the relief it sought. As such, the district court was correct in deciding that, pursuant to the APA, it did not have subject matter jurisdiction over Charity Field's purported appeal.

## CONCLUSION

Our record reveals that the board's decision to deny Charity Field's request to refer the dispute over the December 2016 land survey to the State Surveyor did not create a contested case over which the district court had jurisdiction, and the court correctly determined that it lacked jurisdiction over this matter. When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of the claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Kaplan v. McClurg*, 271 Neb. 101, 710 N.W.2d 96 (2006). The district court did not have jurisdiction, and this court also lacks jurisdiction. Therefore, the appeal is dismissed.

Appeal dismissed.